UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERB LEGAL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:20-cv-1255 |
| | ) | |
| vs. | ) | |
| | ) | |
| QUINTESSA MARKETING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED PETITION

COME NOW Defendant Quintessa, LLC, d/b/a Quintessa Marketing, LLC, by and through undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Amended Petition, states as follows:

1. Defendant admits the allegations of paragraph 1.

2. Defendant denies the allegations of paragraph 2 because Quintessa Marketing, LLC is an alias of Quintessa, LLC, which is a limited liability company formed under the laws of the State of Oklahoma.

3. Defendant admits the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11 to the extent that a Google Document was created, and it was used in real-time to communicate to Plaintiff. Defendant denies all other allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant admits the allegations of paragraph 18 to the extent that a conversation did take place. Defendant denies all other allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19 to the extent that Plaintiff sent Defendant a new contingency contract. Defendant denies all other allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 23 and, therefore, denies the same.

24. Defendant denies the allegations of paragraph 24.

25. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 25 and, therefore, denies the same.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant admits the allegations of paragraph 29.

30. Defendant admits the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant admits the allegations of paragraph 33 to the extent that there was no "extension button." Defendant denies that there was no functionality available for Plaintiff to request an extension.

34. Defendant denies the allegations of paragraph 34.

35. Defendant admits the allegations of paragraph 35.

36. Defendant admits the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Paragraph 42 states only legal conclusions to which no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 42 and, therefore, denies the same.

43. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 43 and, therefore, denies the same.

44. Defendant denies the allegations of paragraph 44.

45. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 45 and, therefore, denies the same.

46. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 46 and, therefore, denies the same.

47. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 47 and, therefore, denies the same.

48. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 48 and, therefore, denies the same.

49. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 49 and, therefore, denies the same.

50. Defendant admits the allegations of paragraph 50 to the extent that Quintessa did not always respond through the Google Document as this was not the controlling document. Defendant denies all other allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant admits the allegations of paragraph 52 to the extent that Plaintiff emailed Quintessa. Defendant denies all other allegations of paragraph 52.

53. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 53 and, therefore, denies the same.

54. Defendant admits the allegations of paragraph 54.

55. Defendant admits the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant admits the allegations of paragraph 59.

60. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 60 and, therefore, denies the same.

61. Defendant denies the allegations of paragraph 61.

62. Defendant admits the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant admits the allegations of paragraph 64 to the extent that Plaintiff emailed information to Quintessa. Defendant denies all other allegations of paragraph 64.

65. Paragraph 65 states only legal conclusions to which no response is required.

66. Paragraph 66 states only legal conclusions to which no response is required. Defendant denies the allegation that it acted in bad faith.

67. Defendant admits the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant admits the allegations of paragraph 69.

70. Defendant admits the allegations of paragraph 70.

71. Defendant admits the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

## COUNT I: BREACH OF CONTRACT

73. Defendant restates and incorporates by reference each of the respective responses to all prior paragraphs as if set forth again herein.

74. Defendant denies the allegations of paragraph 74.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

WHEREFORE, Defendant Quintessa, LLC respectfully requests that this Court dismiss Count I of Plaintiff's Amended Petition with prejudice, for an award of all Court costs incurred herein, and for any and other further relief that this Court deems just and proper under the circumstances.

## **COUNT II: FRAUD**

78. Defendant restates and incorporates by reference each of the respective responses to all prior paragraphs as if set forth again herein.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

83. Defendant denies the allegations of paragraph 83.

84. Defendant denies the allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. Defendant denies the allegations of "deceptive conduct" in paragraph 87.

88. Defendant denies the allegations of paragraph 88.

89. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 89 and, therefore, denies the same.

90. Defendant admits the allegations of paragraph 90 but provides notice that the recordings are not maintained indefinitely.

91. Defendant admits the allegation of paragraph 91 that Defendant rejected Plaintiff's request for access to phone call recordings. Defendant denies all other allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

93. Paragraph 93 states only legal conclusions to which no response is required.

94. Defendant denies the allegations of paragraph 94.

95. Paragraph 95 states only legal conclusions to which no response is required.

96. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 96 and, therefore, denies the same.

97. Defendant lacks information sufficient to form a belief as to the truth of the allegations and averments set forth in paragraph 97 and, therefore, denies the same.

98. Paragraph 98 states only legal conclusions to which no response is required.

99. Defendant denies the allegations of paragraph 99.

100. Defendant denies the allegations of paragraph 100.

WHEREFORE, Defendant Quintessa, LLC respectfully requests that this Court dismiss Count II of Plaintiff's Amended Petition with prejudice, for an award of all Court costs incurred herein, and for any and other further relief that this Court deems just and proper under the circumstances.

## **AFFIRMATIVE DEFENSES**

By way of further answer and as affirmative defenses, Defendants state as follows:

1. Plaintiff failed to state an essential element of its cause of action, specifically, Plaintiff failed to adequately describe the material terms of the contract.

2. Quintessa, LLC performed all duties owed under the contract other than any duties which were prevented or excused, and therefore never breached the agreement.

3. Plaintiff's request for remedy under a theory of fraud is barred by the economic loss doctrine as Plaintiff is seeking to recover in tort for alleged economic losses that are contractual in nature.

4. Plaintiff failed to state an essential element of its cause of action, specifically, Plaintiff failed to allege the representations that constituted the fraud.

5. Plaintiff failed to plead with particularity the circumstances constituting fraud in accordance with USCS Fed Rules Civ Proc R 9(b).

6. Plaintiff failed to state an essential element of its cause of action, specifically, Plaintiff failed to allege facts that would support the element of justifiable reliance.

7. Plaintiff failed to comply with the terms of the contract by breaching the implied warranty of good faith and fair dealing by acting unreasonably.

8. Any recovery by Plaintiff is barred by his own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Plaintiff alleges.

9. Plaintiff's recovery, if any, must be offset by his failure to reasonably mitigate his alleged losses.

10. As and for an affirmative defense, Defendant states that, in the alternative, Defendant has substantially complied with all provisions, duties, and obligations under the contract.

Defendant reserves the right to supplement their affirmative defenses hereinafter with proper leave of Court.

WHEREFORE, Defendant, having fully answered Plaintiff's Amended Petition, respectfully request that this Court dismiss Plaintiffs' Amended Petition with prejudice, for an

award of costs incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

BEHR, McCARTER & POTTER, P.C.

By: */s/ John P. Torbitzky*
W. Dudley McCarter, #24939
John P. Torbitzky, #65233
Joseph T. Neely, #72610
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO 63105
Telephone: (314) 862-3800
Facsimile: (314) 862-3953
Email: dmccarter@bmplaw.com
Email: jtorbitzky@bmplaw.com
Email: jneely@bmplaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court on September 23, 2020, to be served by operation of the Court's electronic filing system upon all parties through their counsel registered with CM/ECF.

                                                              */s/ John P. Torbitzky*