UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERB LEGAL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:20-cv-1255 |
| | ) | |
| vs. | ) | |
| | ) | |
| QUINTESSA MARKETING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFFS' AMENDED PETITION</u>**

COMES NOW Defendant Quintessa, LLC ("Quintessa"), d/b/a Quintessa Marketing, LLC, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7-4.01 and for its Memorandum of Law in Support of its Motion to Dismiss Count II of Plaintiff's Amended Petition, states as follows:

**INTRODUCTION**

In Count II of Plaintiff's Amended Petition, Plaintiff alleges that Quintessa made representations and engaged in a course of conduct that that lead Plaintiff to believe it would have more than 144 hours to verify the existence of insurance for any engaged "plaintiff" identified by Quintessa. Plaintiff further alleges that Quintessa intentionally engaged unqualified potential "plaintiffs" and in some instances fabricated evidence to make them appear qualified. However, Plaintiff's claims of fraudulent misrepresentation are barred by the doctrine of economic loss because the alleged fraud arises directly out of the contractual duties and expectations of the their agreement and are redundant to Plaintiff's claim of breach of contract in Count I of Plaintiff's Amended Petition. Accordingly, Count II of Plaintiff's Amended Petition should be dismissed.

1

## BACKGROUND

On April 21, 2020, Plaintiff entered into a marketing agreement (the "Agreement") with Quintessa to deliver personal injury leads to Plaintiff in the State of Missouri (Am. Pet. Ex. 1 at 26-27, ECF No. 1-3.). Plaintiff funded a marketing account for use by Quintessa to target potential personal injury clients for representation by Plaintiff (Am. Pet. ¶5, ECF No. 5). Quintessa communicated its results to Plaintiff via a shared Google Document that was viewable in real-time by both parties (Am. Pet. ¶11, ECF No. 5). Over the course of several months, Plaintiff made four additional $50,000 deposits into the marketing account for Quintessa (Am. Pet. ¶87, ECF No. 5). During that time, Plaintiff also began disputing the qualifications of the potential clients Quintessa had identified for Plaintiff, the timeline and means of disengaging leads, and the number of leads that Quintessa had billed to Plaintiff (Am. Pet. ¶¶53, 80, 81, and 86, ECF No. 5). On August 3, 2020, Plaintiff filed a petition with the St. Louis City Circuit Court (removed to this Court on September 15, 2020) alleging claims for breach of contract (Count I) and fraud (Count II) (Am. Pet., ECF No. 5). Count II of that petition is barred by the economic loss doctrine and must be dismissed.

## LEGAL STANDARD

### A.    Motion to Dismiss

In ruling on a motion to dismiss, the Court assumes that the well-pleaded factual allegations in the complaint are true. *Breedlove v. Earthgrains Baking Cos, Inc.*, 140 F.3d 797, 798 (8th Cir.), cert. denied, 525 U.S. 921 (1998). The complaint, and all reasonable inferences arising therefrom, must be viewed in the light most favorable to the plaintiff. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). A motion to dismiss a petition should not be granted "unless it appears beyond a doubt that the plaintiff can

2

prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (citing *Morton*, 793 F.2d at 187). Although the Court accepts the Petition's factual allegations as true, "[t]hreadbare recitals" of claim elements, supported only by conclusory statements, are insufficient, and need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.    **Resolution of Diversity Claims in Federal Court**

In a diversity case, it may be both imprudent and improper for a federal court to expand substantive liability under state law. *Trimble v. Asarco, Inc.*, 232 F.3d 946, 963 (8th Cir. 2000) (citing *Tucker v. Paxson Mach. Co.*, 645 F.2d 620 (8th Cir. 1981)) (in diversity case under Missouri law, rejecting plaintiff's argument for adoption in federal court of expanded strict products liability doctrine, on ground that the trend was not well established in state law); *accord Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996) ("When we are faced with opposing plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability."); *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 925 (7th Cir. 1990) ("federal court is not the place to press innovative theories of state law")). The standard set by the Missouri Supreme Court is that, in a suit involving a commercial transaction between merchants, a fraud claim to recover economic losses must be independent of the contract or such claim would be precluded by the economic loss doctrine. *Self v. Equilon Enters., LLC*, No. 4:00CV1903 TIA, 2005 U.S. Dist. LEXIS 17288, at *40 (E.D. Mo. Mar. 30, 2005); *OS33 v. CenturyLink Communs., L.L.C.*, 350 F. Supp. 3d 807, 816 (E.D. Mo. 2018).

3

**ARGUMENT**

Plaintiff's fraud claim is barred by the doctrine of economic loss because it is redundant of Plaintiff's contract claim. *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 909 (8th Cir. 2013).  Plaintiff, though styling its claim under Count II more generally as "fraud," has pleaded the elements of fraudulent misrepresentation (Am. Pet. ¶¶92-99, ECF No. 5.). Under Missouri law, the elements of fraudulent misrepresentation are: 1) a false material representation; 2) the speaker's knowledge of the falsity of the misrepresentation or ignorance of the truth; 3) the speaker's intent that the hearer act upon the misrepresentation in a manner reasonably contemplated; 4) the hearer's ignorance of the falsity of the misrepresentation; 5) the hearer's reliance on its truth; 6) the hearer's right to rely thereon; and 7) the hearer's consequent and proximately caused damages. *Superior Edge, Inc. v. Monsanto Co.*, 44 F. Supp. 3d 890, 902 (D. Minn. 2014) (quoting *CADCO, Inc. v. Fleetwood Enters., Inc.*, 220 S.W.3d 426, 436 (Mo. Ct. App. 2007)). However, Missouri's economic loss doctrine bars Plaintiff's fraudulent misrepresentation claim. *See Dannix Painting*, 732 F.3d at 910 ("Missouri's economic loss doctrine bars [Plaintiff's] negligent misrepresentation claim.").

Although the Missouri Supreme Court has not addressed the operation of the economic loss doctrine in the context of a claim for fraudulent misrepresentation or inducement, federal courts have predicted that in ascertaining whether such claims are independent of the contract for purposes of the economic loss doctrine, Missouri courts would be guided by "[t]wo critical factors . . . (1) whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract" and "(2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud." *See Superior Edge*, 44 F. Supp. 3d at 903-04 (quoting *Compass Bank v. Eager Rd. Assocs.*, LLC, 922 F. Supp. 2d 818, 827 (E.D. Mo. 2013)).

### A.     The subject matter of the alleged misrepresentations was incorporated into the parties' Agreement.

Under the economic loss doctrine, Missouri courts will bar tort claims that seek to recover for economic losses unless the claims are based on misrepresentations that are independent of the contract. *Nestlé Purina PetCare Co. v. Blue Buffalo Co.*, 181 F. Supp. 3d 618, 638 (E.D. Mo. 2016). Rather than looking generally to whether the subject matter of the alleged misrepresentations and the at-issue contract are the same, most courts have focused more precisely on whether a contract term conflicts with or contains the alleged misrepresentation, in which case the claim is barred. *Superior Edge*, 44 F. Supp. 3d at 904-05. Here, the Plaintiff's primary claim of misrepresentation is that it was operating under a belief that Plaintiff would have more than 144 hours to disengage a lead for a potential client without being charged (Am. Pet. ¶79, ECR No. 5). However, where a contract term contains or conflicts with an alleged misrepresentation, the contract term controls, and there is no fraudulent misrepresentation claim. *See AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1087 (8th Cir. 1998) (finding that a fraud claim could not be based on defendant's representation that plaintiff would be its distributor "for a long time" when "duration was a term of the contract"). Plaintiff's claims of alleged misrepresentations directly conflict with the agreed upon terms of the Agreement with Quintessa:

> The Bradley Law Firm will have six full days (at least 144 hours) to turn down or disengage the lead for approved reasons . . . unless otherwise agreed upon in writing . . . At 12am on the seventh day, leads will not be eligible for disengagement. Leads that you turn down or disengage, must be done by using the Quintessa Marketing portal in order to receive credit back to your campaign.

(Am. Pet. Ex. 1, para. 3-4 at 26-27, ECF No. 1-3). The substance of Plaintiff's fraud claim is not independent of the Agreement and is for the recovery of economic losses that arise solely out of Quintessa's alleged breach of the parties' Agreement. *Nestlé Purina*, 181 F. Supp. 3d at 640.

5

Because the alleged fraud arises directly out of the contractual duties and expectations of the Agreement, the claim is therefore barred by the economic loss doctrine. *OS33*, 350 F. Supp. 3d at 817.

### B. Plaintiff did not suffer additional damages outside of the Agreement because of the alleged fraud.

Plaintiff fails to state a viable fraud claim because Plaintiff does not assert any additional damage outside those recoverable in connection with its breach of contract claim. *Compass Bank*, 922 F. Supp. 2d at 828. Plaintiff does seek, but only in a hypothetical manner, punitive damages for its fraudulent misrepresentation claim (Am. Pet. ¶100, ECF No. 5.). Because the Plaintiff did not suffer additional damages relating to the fraud and independent from those it would have sustained as a result of a breach of contract, the claim is therefore barred by the economic loss doctrine. *OS33*, 350 F. Supp. 3d at 817.

## CONCLUSION

Based on the foregoing, Count II of Plaintiff's Amended Petition fails to state a claim. Plaintiff's claims of fraudulent misrepresentation are barred by the doctrine of economic loss and redundant to Plaintiff's claim of breach of contract in Count I of Plaintiff's Amended Petition. Accordingly, Count II of Plaintiff's Amended Petition should be dismissed and any allegation as to punitive damages or any damages beyond those provided for in the Agreement should be stricken.

WHEREFORE, Defendant Quintessa, LLC respectfully requests this court to dismiss Count II of the Petition with prejudice, for an award of costs incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

BEHR, McCARTER & POTTER, P.C.

By: */s/ John P. Torbitzky*
    W. Dudley McCarter, #24939
    John P. Torbitzky, #65233
    Joseph T. Neely, #72610
    7777 Bonhomme Avenue, Suite 1400
    St. Louis, MO  63105
    Telephone:  (314) 862-3800
    Facsimile:  (314) 862-3953
    Email: dmccarter@bmplaw.com
    Email: jtorbitzky@bmplaw.com
    Email: jneely@bmplaw.com
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court on September 23, 2020, to be served by operation of the Court's electronic filing system upon all parties through their counsel registered with CM/ECF.

    */s/ John P. Torbitzky*