UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERB LEGAL INVESTMENTS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 4:20-CV-1255 |
| QUINTESSA MARKETING LLC, | ) |
| | ) . |
| | ) |
| Defendant. | ) |
| | ) |
| QUINTESSA MARKETING LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERB LEGAL INVESTMENTS LLC | ) |
| | ) |
| Defendant. | ) |

## ERB LEGAL INVESTMENT LLC's ANSWER TO QUINTESSA MARKETING LLC's COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**COMES NOW** Plaintiff, ERB Legal Investments LLC (hereinafter "ERB"), by and through attorney E. Ryan Bradley of The Bradley Law Firm and for its Answer, Affirmative Defenses and Counterclaims against Quintessa Marketing LLC (hereinafter "Quintessa") state as follows to this Court:

    1.    Admit.

2. Admit.

3. Denied.

4. Denied.

5. ERB admits it entered into a contract with Quintessa for marketing purposes but denies that Exhibit 1 is the entire contract.

6. ERB objects to this allegation as defining the contents of the contract pursuant to FRE 1001-1007 and on that basis this allegation is denied.

7. ERB objects to this allegation as defining the contents of the contract pursuant to FRE 1001-1007 and on that basis this allegation is denied.

8. ERB objects to this allegation as defining the contents of the contract pursuant to FRE 1001-1007 and on that basis this allegation is denied.

9. Admit.

10. ERB cannot admit or deny as it lacks knowledge or information sufficient to form a belief about the truth of the allegation and on that basis it is denied.

11. Denied. ERB demands strict proof thereof.

12. Denied. ERB demands strict proof thereof.

13. Denied. ERB demands strict proof thereof.

14. Denied. ERB demands strict proof thereof.

15. ERB admits it properly disengaged certain "leads" and provided notification of those disengagements to Quintessa.

16. Denied. ERB demands strict proof thereof.

17. Denied. ERB demands strict proof thereof.

18. Denied. ERB demands strict proof thereof.

19. Denied. ERB demands strict proof thereof.

20. Denied. ERB demands strict proof thereof.

21. Denied. ERB demands strict proof thereof.

22. Denied. ERB demands strict proof thereof.

23. Denied. ERB demands strict proof thereof.

24. Denied. ERB demands strict proof thereof.

25. Denied. ERB demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

By way of further answer and as affirmative defenses, Defendant ERB states as follows:

1. Quintessa failed to state an essential element of its cause of action, specifically, Plaintiff failed to adequately describe the material terms of the contract.

2. ERB performed all duties owed under the contract other than any duties which were prevented or excused, and therefore never breached the agreement.

3. Quintessa's request for remedy under a theory of fraud is barred by the economic loss doctrine as Quintessa is seeking to recover in tort for alleged economic losses that are contractual in nature.

4. Quintessa failed to state an essential element of its cause of action, specifically, Quintessa failed to allege the representations that constituted the fraud.

5. Quintessa failed to plead with particularity the circumstances constituting fraud in accordance with USCS Fed Rules Civ Proc R 9(b).

6. Quintessa failed to state an essential element of its cause of action, specifically, Quintessa failed to allege facts that would support the element of justifiable reliance.

7. Quintessa failed to comply with the terms of the contract by breaching the implied warranty of good faith and fair dealing by acting unreasonably.

8. Any recovery by Quintessa is barred by its own improper conduct or "unclean hands," including conduct that caused or contributed to the damages Quintessa alleges.

9. Quintessa's recovery, if any, must be offset by its failure to reasonably mitigate the alleged losses.

10. As and for an affirmative defense, ERB states that, in the alternative, ERB has substantially complied with all provisions, duties, and obligations under the contract.

11. Quintessa is estopped from claiming damages that it failed to timely identify leads it sent to ERB when it had the means and opportunity to have done so, if any such leads in fact exist.

12. Quintessa was contributorily negligent for failing to timely identify leads it sent to ERB when it had the means and opportunity to have done so, if any such leads in fact exist.

13. ERB asserts the affirmative defense of payment in that ERB has properly paid Quintessa for all contractual obligations.

14. ERB asserts that Quintessa committed fraud in the performance of its contractual obligations and is therefore prevented from recovery on that basis.

ERB reserves the right to supplement its affirmative defenses hereinafter with proper leave of Court.

**WHEREFORE**, ERB, having fully answered Quintessa's Petition respectfully requests this Court dismiss its Petition with prejudice, for an award of costs incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNTERCLAIM #1- ABUSE OF PROCESS

1. ERB incorporates all the allegations contained within its Amended Petition [Doc. #5] as if fully set forth herein.

2. Quintessa improperly and perversely used process against ERB for improper purpose(s) in that it filed baseless claims against ERB within an Oklahoma court in an effort to subvert the jurisdiction of Missouri courts and improperly and/or illegally extract / retain unearned monies belonging to ERB.

3. That Quintessa, even if its allegations against ERB were true, which they are not, retained un-earned money belonging to ERB that far exceeded any of its alleged damages.

4. That Quintessa actually never incurred any damages whatsoever by virtue of its retaining unearned money belonging to ERB, even if its allegations against ERB were true.

5. ERB was damaged therefrom.

6. That Quintessa's actions herein were willful, wanton and malicious justifying the imposition of punitive damages.

**WHEREFORE,** Plaintiff requests damages against Defendant in an amount to be determined by the trier of fact, punitive damages, its costs herein incurred and for any such other relief and further relief this courts seems appropriate.

## COUNTERCLAIM #2- CONVERSION

1. ERB incorporates all the allegations contained within its Amended Petition [Doc. #5] as if fully set forth herein.

2. ERB, in conformance with the contract, pre-paid Quintessa for leads that were not yet delivered to it.

3. Upon termination of the contractual agreement, ERB was entitled to a refund of all unused marketing funds held by Quintessa.

4. Quintessa improperly and intentionally retained possession of unused marketing funds despite ERB's demand to return of the same.

5.   Quintessa deprived ERB of its right to possession of those funds.

6.   As a result, ERB was damaged.

7.   That Quintessa's actions herein were willful, wanton and malicious justifying the imposition of punitive damages.

**WHEREFORE,** Plaintiff requests damages against Defendant in an amount to be determined by the trier of fact, punitive damages, its costs herein incurred, and for any such other relief and further relief this courts seems appropriate.

Respectfully submitted,

By: /s/ E. Ryan Bradley

E. Ryan Bradley, #53777
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Ryan@thebradleylawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Friday, March 5, 2021, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **Courts E-Filing System** which was sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

Dudley McCarter
Behr, McCarter & Potter P.C
Attorney For: Quintessa Marketing, LLC
7777 Bonhomme Ave, Suite 1400
St. Louis, MO  63105
Phone: (314) 862-3800
Fax: (314) 862-3953
Email Address: dmccarter@bmplaw.com

John Torbitzky
Behr, McCarter & Potter P.C.
Attorney For: Quintessa Marketing, LLC
7777 Bonhomme Ave, Suite 1400
St. Louis, MO  63105
Phone: (314) 862-3800
Fax: (314) 862-3953
Email Address: jtorbitzky@bmplaw.com

Joseph T. Neely
Behr, McCarter & Potter, P.C.
Attorney For: Quintessa Marketing, LLC
7777 Bonhomme Ave, Suite 1400
St. Louis, MO  63105
Phone: (314) 862-3800
Fax: (314) 862-3953
Email Address: jneely@bmplaw.com


/s/E. Ryan Bradley