UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERB LEGAL INVESTMENTS LLC, | ) | |
| | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | Cause No.: 4:20-CV-1255 DDN |
| | ) | |
| QUINTESSA MARKETING, LLC, | ) | |
| | ) | |
|     Defendant/Counterclaim Plaintiff. | ) | |

**QUINTESSA, LLC'S RESPONSES AND OBJECTIONS TO ERB LEGAL
INVESTMENTS, LLC'S FIRST REQUESTS FOR PRODUCTION**

COMES NOW Quintessa, LLC, d/b/a Quintessa Marketing, LLC ("Quintessa"), by and

through its undersigned counsel, Behr, McCarter & Potter, P.C., and for its Responses and

Objections to ERB Legal Investments, LLC's ("ERB") First Requests for Production, states as

follows:

GENERAL OBJECTIONS

I.      **Quintessa objects to ERB's instructions to these requests to the extent that
such instructions enlarge or expand the burden upon Quintessa beyond the
requirements of the Federal Rules of Civil Procedure or this Court's case
management order.**

II.    **Quintessa specifically objects to any request which may be construed to seek
privileged attorney-client communications or work product.**

III.   **Quintessa objects to the use of any proper nouns or terms undefined by ERB
to the extent that such terms imply a term of art or any definition beyond the
common and regularly understood meaning of such term.  Quintessa also
objects to the ERB's purported definitions to the extent they alter the
regularly understood meaning of the term.**

IV.   **Quintessa's investigation of this matter is not complete and Quintessa
reserves the right to supplement under the Federal Rules of Civil Procedure.**

V.    **No admissions are intended by any response herein unless so specified.**

VI.   **These objections are incorporated into each response below as if fully set**

1

forth therein.

<u>RESPONSES AND OBJECTIONS</u>

1.      Any statements, either written or recorded or notes of statements taken from ERB

(including it agents and/or employees).

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients" and "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)."**

2.      All documents identified in Quintessa's Answers to Plaintiff's Interrogatories, if

any.

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures as well as all documents produced herewith.**

3.      Produce any documents identified in your answer to Interrogatory #3.

**RESPONSE: Quintessa objects to Request #3 as it is not properly limited in subject matter or scope, and thus not proportional to the needs of the case as the substantial burden to identify additional responsive materials is outweighed by the likely benefit. Quintessa further objects to Request #3 as the breadth of this Request may encompass documents subject to attorney-client privilege and/or work product privilege.  Subject to and without waiving said objections, see documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients," "2(a) - Recorded telephone conversation between Alyssa Viera and Marshanice Robinson," "2(b) - Recorded telephone conversation between Alyssa Viera and Marshanice Robinson," and "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)." For further answer, Quintessa had numerous conversations that ERB and/or its representatives (specifically Ryan Bradley) were a party to.**

4.      Produce any documents evidencing any convictions identified in your answer to

Interrogatory #4.

**RESPONSE: Quintessa objects to Request #4 as it is not properly limited in subject matter or scope, and thus not proportional to the needs of the case as the substantial burden to**

2

**identify additional responsive materials is outweighed by the likely benefit. Subject to and without waiving said objections, none.**

5.      As to each expert witness you identify in your answer to Interrogatory #5 or in any disclosure pursuant to FRCP 26, please produce:

a.      All documents provided to any expert in connection with this case, including records, reports, literature, memoranda or any other documents by you, your agents and/or your attorneys;

b.      All documents received from any expert in connection with this case, including records, reports, literature, memoranda or any other documents by you, your agents and/or your attorneys;

c.      Any records, reports, notes, memoranda, bills, correspondence, or any other documents prepared by any expert witness in connection with this case;

d.      Copies of any manuscripts, drafts, galleys, outlines, slides, and the like, concerning any oral or written presentations made by the expert on any subject relevant to issues the expert expects to testify at trial and/or in deposition;

e.      Transcripts of any deposition or trial testimony the expert has given in the last 10 years;

f.      A list of all depositions and trials the expert has testified in the last 10 years, designating who the expert testified for;

g.      A current CV;

h.      Any exhibits prepared by, or with the assistance of the expert, which are

intended to illustrate aspects of the expert's testimony;

    i.    All records of attendance or instruction at continuing education seminars, courses, classes, etc., for the expert for the last ten (10) years;

    j.    A list of all medical literature, articles, treatises, pamphlets, videotapes, materials of any kind, or instructions used or relied upon by any expert witness for the formation of any opinions in this case;

    k.    A list of any documents, books, articles or other resources your expert deems to be authoritative literature in his or her area of expertise;

    l.    A list of all documents, books, articles or other resources your expert maintains in his or her library;

    m.    A detailed listing of any and all time expended by any expert in his or her services in this case;

    n.    All documents, including tax returns, for the expert for the last 5 years, showing income received for performing expert related services.

**RESPONSE: Quintessa has not determined which expert witnesses, if any, it will rely upon at trial.  Quintessa reserves its right to supplement its response to Request #5 in accordance with the Federal Rules of Civil Procedure or any order of the Court.**

6.    Produce any agreement(s) or contract(s) identified in your answer to Interrogatory #6.

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "3 - Agreement between Plaintiff and Defendant (QUINTESSA 0001-0004)" and "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)."**

7.    Produce any audio recordings identified in your answer to Interrogatory #12(d) and #12(e).

**RESPONSE: Quintessa objects to Request #7 because it is not the custodian of the audio recordings. Further the burden on Quintessa to obtain these recordings is equal to any burden placed on ERB to obtain the recordings. Subject to and without waiving these objections, see documents produced by Quintessa pursuant to its Rule 26(a) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients," "2(a) - Recorded telephone conversation between Alyssa Viera and Marshanice Robinson," and "2(b) - Recorded telephone conversation between Alyssa Viera and Marshanice Robinson."**

      8.    Produce any documents evidencing communication identified in your answer to

Interrogatory #14.

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients" and the page Bates-labelled QUINTESSA 0023 in "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)." See also the email from Lauren Mingee to Ryan Bradley dated July 17, 2020 produced concurrently herewith as "RE Status."**

      9.    Produce any documents identified in your answer to Interrogatory #15.

**RESPONSE: Quintessa objects to Request #9 as it is irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #9 outweighs any likely benefit this information may have to resolving the issues in dispute.**

      10.    Produce any documents concerning the "online web portal" identified in your

answer to Interrogatory #16.

**RESPONSE: Quintessa objects to Request #10 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #10 outweighs any likely benefit this information may have to resolving the issues in dispute. Subject to and without waiving said objections, see documents produced pursuant to Quintessa's Rule 26(a)(1) disclosures, specifically those titled "5 - Google Document prepared for Plaintiff's Campaign," "6 - Information from Defendant's client portal for Plaintiff's Campaign (QUINTESSA 0005-0007)," "3 - Agreement between Plaintiff and Defendant (QUINTESSA 0001-0004)," "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding**

disengagement of clients," and "**4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189).**" Additionally, see the online web portal (Accident Intake) spreadsheet for ERB's campaign as well as the notes for each lead in the documents produced concurrently herewith titled "**8 - Bradley Lawfirm leads**" and "**9 - Bradley Lawfirm lead notes.**"

      11.    Produce any documents created as a result of the "internal audit" or any other "internal audit" identified in your answer to Interrogatory #17

**RESPONSE: Quintessa objects to Request #11 as it may encompass documents subject to attorney-client privilege and/or work product privilege. Subject to and without waiving said objections, Quintessa did not generate any documents "as a result of" its internal audit. The documents supporting Quintessa's audit conclusions are the online web portal (Accident Intake) spreadsheets and the associated notes for each lead sent to ERB in the documents produced concurrently herewith titled "8 - Bradley Lawfirm leads," "9 - Bradley Lawfirm lead notes," and "10 - Not repped_referred."**

      12.    Produce any documents identified in your answers to Interrogatory #18

**RESPONSE: See all documents produced.**

      13.    All written communication between Quintessa (including it agents and/or employees) and ERB (including it agents and/or employees).

**RESPONSE: Quintessa objects to Request #13 as it seeks documents already in ERB's possession. Subject to and without waiving such objection, see documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)."**

      14.    All written communication between Quintessa (including it agents and/or employees) and any Lead it handled for ERB in connection with the contract for services at issue in this case.

**RESPONSE: Quintessa objects to Request #14 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #14 outweighs any likely benefit this information**

may have to resolving the issues in dispute.  **Subject to and without waiving said objections, none.**

15.   Any notes made concerning communication between Quintessa (including it agents and/or employees) and ERB (including its agents and/or employees).

**RESPONSE: Quintessa objects to Request #15 as it may encompass documents subject to attorney-client privilege and/or work product privilege.  Subject to and without waiving said objections, see the online web portal (Accident Intake) notes for each lead sent to ERB that is in dispute in this case in the documents produced concurrently herewith as "8 - Bradley Lawfirm leads," "9 - Bradley Lawfirm lead notes," and "10 - Not repped_referred."**

16.   Any notes made concerning communication between Quintessa (including it agents and/or employees) and any Lead it handled for ERB in connection with the contract for services at issue in this case.

**RESPONSE: Quintessa objects to Request #16 as it may encompass documents subject to attorney-client privilege and/or work product privilege.  Quintessa further objects to Request #16 on the grounds that most leads Quintessa sent to ERB are not in dispute in this case.  Thus, only notes made for leads that are in dispute in this case are relevant.  Subject to and without waiving said objections, see the online web portal (Accident Intake) notes for each lead sent to ERB that is in dispute in this case in the documents produced concurrently herewith as "8 - Bradley Lawfirm leads," "9 - Bradley Lawfirm lead notes," and "10 - Not repped_referred."**

17.   All documents executed by ERB Legal Investments (including it agents and/or employees).

**RESPONSE: See documents previously produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "3 - Agreement between Plaintiff and Defendant (QUINTESSA 0001-0004)."**

18.   A true and accurate copy of all communication between Quintessa employees, officers and agents concerning ERB Legal Investments (including it agents and/or employees) or the subject contract.

**RESPONSE: Quintessa objects to Request #18 as it is overly broad and seeks documents that are not relevant to the claims or defenses in this case.  Quintessa further objects to Request #18 because it may encompass documents subject to attorney-client privilege and/or work product privilege.**

19.    All internal notes reflecting communication between Quintessa (including it agents

and/or employees) and ERB Legal Investments (including it agents and/or employees).

**RESPONSE: Quintessa objects to Request #19 as it is overly broad and seeks documents that are not relevant to the claims or defenses in this case.  Quintessa further objects to Request #19 because it may encompass documents subject to attorney-client privilege and/or work product privilege.**

20.    A copy of all documents evidencing payments made by ERB Legal Investments to

Quintessa.

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "7 - Payment Records (QUINTESSA 0008)."**

21.    A true and accurate copy of the Google excel document or any other Google

document(s) Quinessa used to track all Leads for ERB Legal Investments.

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "5 - Google Document prepared for Plaintiff's Campaign" and "6 - Information from Defendant's client portal for Plaintiff's Campaign (QUINTESSA 0005-0007)."  See also the online web portal (Accident Intake) spreadsheet and the associated notes for each lead sent to ERB in the documents produced concurrently herewith as "8 - Bradley Lawfirm leads," "9 - Bradley Lawfirm lead notes," and "10 - Not repped_referred."**

22.    Any Quintessa policies, rules and/or procedures its agents and/or employees were

required to observe, follow or adhere to in the handling of any Lead for ERB Legal Investments.

**RESPONSE: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "3 - Agreement between Plaintiff and Defendant (QUINTESSA 0001-0004)," "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)," and "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding**

disengagement of clients."

23.    A copy of any document evidencing the identities of all individuals employed by Quintessa at all times when the subject contract was in force. Please identify any individuals who are no longer employed by Quintessa.

**RESPONSE: Quintessa objects to Request #23 as it is seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #23 outweighs any likely benefit this information may have to resolving the issues in dispute.**

24.    A copy of any document evidencing the identities of any other lawyer and/or law firms for whom Quintessa provided leads and/or marketing services in the last five (5) years.

**RESPONSE: Quintessa objects to Request #24 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #24 outweighs any likely benefit this information may have to resolving the issues in dispute.**

25.    A copy of all letters from lawyers, law firms or clients for whom Quintessa provided leads and/or marketing services wherein the lawyer, law firm or client:

  a. challenged, complained of, or identified a misunderstanding in how Quintessa (including it agents and/or employees) handled leads;

  b. challenged, complained of, or identified a misunderstanding in how Quintessa (including it agents and/or employees)  handled disengagements and/or its disengagement policy;

  c. claimed Quintessa (including it agents and/or employees) improperly retained money deposits for leads;

  d. claimed Quintessa (including it agents and/or employees) engaged in fraud;

and

e.    claimed Quintessa (including it agents and/or employees) was in breach of

contract;

**RESPONSE: Quintessa objects to Request #25 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #25 outweighs any likely benefit this information may have to resolving the issues in dispute.**

26.    A copy of all lawsuits filed by any lawyer, law firm or client against Quintessa

(including it agents and/or employees) in connection with providing of leads and/or marketing

services.

**RESPONSE: Quintessa objects to Request #26 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #26 outweighs any likely benefit this information may have to resolving the issues in dispute.**

27.    A copy of all lawsuits filed by Quintessa (including it agents and/or employees) in

connection with providing of leads and/or marketing services against any client or former client.

**RESPONSE: Quintessa objects to Request #27 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #27 outweighs any likely benefit this information may have to resolving the issues in dispute.**

28.     All documents with reference to or written policies, procedures and guidelines

related to Defendant's computers, computer systems, electronic data and electronic media

including, but not limited to, the following:

a.    Backup tape rotation schedules;

b.    Electronic data retention, preservation and destruction schedules;

     c.     Employee use policies of company computers, data, and other technology;

     d.     File naming conventions and standards;

     e.     Password, encryption and other security protocols;

     f.     Diskette, CD, DVD, and other removable media labeling standards;

     g.     Email storage conventions (i.e., limitations on mailbox sizes/storage locations, schedule and logs for storage, etc.);

     h.     Electronic media deployment, allocation and maintenance procedures for new employees, current employees or departed employees;

     i.     Software and hardware upgrades (including patches) for [relevant time period] (who and what organization conducted such upgrades); and

     j.     Personal or home computer usage for work-related activities.

**RESPONSE: Quintessa objects to Request #28 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #28 outweighs any likely benefit this information may have to resolving the issues in dispute.**

29.     Organization charts for all Information Technology or Information Services departments or divisions during the time Quinessa provided leads and/or marketing services to ERB.

**RESPONSE: Quintessa objects to Request #29 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.   Furthermore, the burden in fully responding to Request #29 outweighs any likely benefit this information may have to resolving the issues in dispute.**

30.     Backup tapes or media containing email and other electronic data related to this action during the time Quinessa provided leads and/or marketing services to ERB. **This is a**

request for electronic discovery under FRCP 34.

**RESPONSE: Quintessa objects to Request #30 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  Furthermore, the burden in fully responding to Request #30 outweighs any likely benefit this information may have to resolving the issues in dispute.**

31.     Exact copies (i.e., bit-by-bit mirror image copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers, servers, and other electronic media related to leads and/or marketing services Quintessa provided to ERB. **This is a request for electronic discovery under FRCP 34.**

**RESPONSE: Quintessa objects to Request #31 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  Furthermore, the burden in fully responding to Request #31 outweighs any likely benefit this information may have to resolving the issues in dispute.**

32.     Exact copies of all relevant disks, CDs, DVDs and other removable media concerning leads and/or marketing services Quintessa provided to ERB. **This is a request for electronic discovery under FRCP 34.**

**RESPONSE: Quintessa objects to Request #32 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  Furthermore, the burden in fully responding to Request #32 outweighs any likely benefit this information may have to resolving the issues in dispute.**

33.     Plaintiff requests production of any computer systems / devices identified herein or in Defendant's answers to Interrogatories for forensic inspection and copying at a mutually agreeable date and time. **This is a request for electronic discovery under FRCP 34.**

**RESPONSE: Quintessa objects to Request #33 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  Furthermore, the**

**burden in fully responding to Request #33 outweighs any likely benefit this information may have to resolving the issues in dispute.**


34.     Produce all ERB retainer contracts sent by Quintessa to any Lead.

**RESPONSE: Quintessa objects to Request #34 on the ground that such documents are relevant only for the leads that are in dispute in this case. The burden of providing the requested documents for every single lead sent pursuant to the parties' contract heavily outweighs any benefit of such information. Subject to and without waiving these objections, these documents are already in ERB's possession. ERB was sent a copy of every single retainer contract that Quintessa sent to a lead.**


35.     All exhibits you intend to introduce at trial in the instant case.

**RESPONSE: Quintessa has not yet determined which exhibits it may use at trial or otherwise.  Quintessa reserves its right to supplement its response to Request #35 in accordance with the Federal Rules of Civil Procedure or any order of the Court.**


36.     A privilege log for any documents you withhold from production because of

privilege in accordance with <u>State ex rel. Ford Motor Co. v. Westbrooke</u>, 151 S.W.3d 364 (Mo.

2004).

**RESPONSE: Quintessa has withheld correspondence between its employees/agents and its legal counsel, as these documents are protected from disclosure by the attorney-client privilege.**

Respectfully Submitted:

BEHR, McCARTER & POTTER, P.C.

By:  */s/ Ryan M. Hyde*
      W. Dudley McCarter, #24939MO
      Joseph T. Neely, #72610MO
      Ryan M. Hyde, #63904MO
      7777 Bonhomme Avenue, Suite 1400
      St. Louis, MO  63105
      Telephone: (314) 862-3800
      Facsimile: (314) 862-3953
      Email: dmccarter@bmplaw.com
      Email: jneely@bmplaw.com
      Email: rhyde@bmplaw.com
      *Attorneys for Quintessa, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record on May 3, 2021 via electronic mail in .pdf format.

*/s/ Ryan M. Hyde*