

May 18, 2021

<u>SENT VIA EMAIL TO:  rhyde@bmplaw.com</u>

Ryan M. Hyde
Behr, McCarter & Potter, P.C.
7777 Bonhomme Ave, Suite 1400
St. Louis, MO 63105

Re:  ERB LEGAL INVESTMENTS LLC v. QUINTESSA MARKETING LLC
Case No.:  4:20-CV-1255

Dear Mr. Hyde:

Please allow this to be our formal position on Quintessa's deficient responses to Interrogatories and Requests for Production of Documents. We specifically reserve the right to provide this letter to the Court for purposes of a motion to compel and/or any other future motion.

## DEFICIENT INTERROGATORY ANSWERS:

I would ask that Quintessa withdraw all its "general objections" as they are boilerplate general objections, which courts generally disapprove of. <u>High Point SARL v. Sprint Nextel Corp.</u>, No. CIV.A. 09-2269-CM, 2011 WL 4036424, at *10 (D. Kan. Sept. 12, 2011).
Each of the Interrogatories are relevant to the issues in this case and are a streamlined method of obtaining complex information. Certainly, obtaining this information by way of deposition would be take multiple days and would be grossly expensive. Moreover, the subparts to each interrogatory, especially number 11, are not treated as separate interrogatories. <u>Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.</u>, 315 F.R.D. 191, 196 (E.D. Tex. 2016)(While acknowledging that no precise test is available to determine "discreteness" for purposes of the Rule 33(a)(1) inquiry, most courts have followed what is sometimes referred to as the "related question" approach. In an effort to give some specificity to the inquiry, the test applied under the "related question" approach is generally stated as follows: subparts that are logically or factually subsumed within and necessarily related to the primary question" should not be treated as separate interrogatories.)

I will now address the individual Interrogatory answers that are deficient.
Interrogatory #1. I would request that you supplement subpart (m) as to Lauren Mingee, the individual Quintessa represents is its sole member / owner. Mrs. Mingee will be a key witness in this lawsuit and her history of opening and closing similar businesses as Quintessa over the years is highly relevant. We have reason to believe that Mrs. Mingee habitually opens companies, runs

them into the ground through litigation, then opens another similar company. If true, then this would be important evidence of motive, which is of course relevant. FRE 405(b); 406. Further, this discovery would be relevant as to whether Mrs. Mingee should be named as an individual defendant in this lawsuit for purposes of piercing the corporate veil.

Interrogatory #3. We will agree to limit this Interrogatory to statements of ERB Legal Investments employees or agents. With that limitation, we would request you withdraw the objections.

Interrogatory #4. We request you withdraw the objection as to convictions and crimes. Please note Quintessa propounded the <u>exact same</u> Interrogatory to ERB (IROG#4), which we answered without objection. As such, we demand a full answer as to <u>all agents, employees directors and owners</u> of Quintessa. FRE 404(b)(2).

Interrogatory #8. Quintessa misunderstands the interrogatory. The interrogatory asks <u>why</u>, ***as in the basis for Quintessa's own allegation***, that ERB did not perform? Simply put, the interrogatory requests information as to what exactly Quintessa alleges ERB not do that it was legally required to do. With that clarification, please supplement your answer.

Interrogatory #11. This is probably the single most important Interrogatory. As you can see, this Interrogatory is designed to understand what "Plaintiffs" are at issue and the basis for each of Quintessa's claims. Each and every subpart asks a very important detail, all of which are designed to better understand Quintessa's claims. For that reason, we first request that the general objection be withdrawn. As to the subparts:

    (a)- the address is missing within the spreadsheet. Please supplement
    (c)- there is no information about which "plaintiff" calls were recorded. Please identify those. Further, there is no information about "Talkdesk." Please provide their legal name, address and phone number for the custodian.
    (d)- there is no information as to who at Quintessa pre-qualified the lead. The only field within the document is the "intake user's " first name. Please supplement the identity of each person, along with their full name, address and phone number.
    (e) We understand Quintessa's response that it pre-qualifies by "asking detailed questions about a person's accident, any insurance information that is known, determinations of fault, status of injuries and medical treatment, and whether the case might implicate a commercial enterprise or insurance policy" as the only factors. We anticipate filing future motion(s) based upon the completeness of this response. If these are the only pre-qualification criteria, that is fine. If they are not, then Quintessa must supplement.
    (f) We will agree to limit this interrogatory to the leads that are in question (the ones that Quinessa claims were valid, which we dispute (see our spreadsheet). With that limitation, please withdraw your objection and fully answer.  This could be the single most important interrogatory and how Quintessa determined that each lead in dispute was pre-qualified is highly relevant.
    (g) Please see (f) above.
    (j) We will agree to limit this interrogatory to the leads that are in question (the ones that

Quinessa claims were valid but which we claim are invalid (see our spreadsheet))[1]. With that limitation, please withdraw your objection and fully answer. This could be the single most important interrogatory and how Quintessa determined that each lead in dispute was pre-qualified is highly relevant. In particular, is Quintessa's response to this subpart laid out in Column M? Please advise.

 (k) We will agree to limit this interrogatory to the leads that are in question (the ones that Quinessa claims were valid, which we dispute (see our spreadsheet). With that limitation, please withdraw your objection and fully answer.

 (l) We will agree to limit this interrogatory to the leads that are in question (the ones that Quinessa claims were valid, which we dispute (see our spreadsheet). With that limitation, please withdraw your objection and fully answer.

 (m) We will agree to limit this interrogatory to the leads that are in question (the ones that Quinessa claims were valid, which we dispute (see our spreadsheet). With that limitation, please withdraw your objection and fully answer.

 (n) We will agree to limit this interrogatory to the leads that are in question (the ones that Quinessa claims were valid, which we dispute (see our spreadsheet). With that limitation, please withdraw your objection and fully answer.

 (o) We will agree to limit this interrogatory to the leads that are in question (the ones that Quinessa claims were valid, which we dispute (see our spreadsheet). With that limitation, please withdraw your objection and fully answer.

Interrogatory #12. The interrogatory is not responded to. In particular, there is no answer to subpart (a) concerning Quintessa's policies. There is no information in subpart (b) regarding "talkdesk." Please supplement. There is no custodian identified in subpart (c). There are no call recordings identified in subpart (d). Finally, there are no calls identified for Quintessa's own call recordings for subpart (e). Please supplement.

Interrogatory #15. We request the objection be withdrawn and fully answered. Quintessa's habit and routine practice are admissible under FRE 406. This interrogatory is designed to learn the identities of other companies / individuals with whom Quintessa provided the same or similar services. Of course, these people would be competent witnesses to testify as to Quintessa's business practices. As you already know, Quintessa was just sued by another law firm for similar claims and that lawyer / law firm was identified in our discovery responses.

Interrogatory #16. Subpart (q) was not answered. Please supplement. Your reference to Interrogatory 11 as a response is non-responsive as that interrogatory does not contain an appropriate answer.

Interrogatory #17. We request you withdraw the general objection. As for subpart (b) and (c), if the exact date(s) / time(s) are unknown, we request a supplement to this answer to the best of Quintessa's ability.

Interrogatory #18. We request you withdraw the general objection. We note that Quintessa asked

---

[1] I believe we should have a phone call to identify all "leads" or "plaintiffs" that are in dispute in either our claims against Quintessa or its claims against ERB.

1232 Washington Avenue Suite 210 Saint Louis, Missouri 63103

O: 314-241-5811  F: 314-241-4556

a similar Interrogatory of ERB in connection with its allegations.

Interrogatory #19. We request you withdraw the general objection. For the reasons stated above, this information is highly relevant and admissible. FRE 405(b); FRE 406.

Interrogatory #20. We request you withdraw the general objection. For the reasons stated above, this information is highly relevant and admissible. FRE 405(b); FRE 406.

## **DEFICIENT REQUESTS FOR PRODUCTION RESPONSES:**

I would ask that Quintessa withdraw all its "general objections." Each of the RFP are relevant to the issues in this case and is a much more streamlined method of obtaining information as compared to the time and cost involved with depositions.

RFP #3. We request you withdraw the objection seeing that Quintessa propounded the exact same Request to ERB (See RFP #10). However, I do note that we objected essentially on the same basis. If Quintessa agrees to withdraw that Request, we will do the same. Please advise.

RFP #4. Evidence concerning convictions is relevant and potentially admissible. FRE 404(b)(2). See above concerning IROG #4.

RFP #7. We note no call recordings were produced. Further, the Request is not objectionable because Quintessa is apparently not the custodian. Rather, Quintessa has a duty to procure materials from a third party from whom it hires to record these calls. Delphi Auto. Sys. LLC v. Shinwa Int'l Holdings Ltd., No. 1:07-CV-0811-SEB-JMS, 2009 WL 10687811, at *4 (S.D. Ind. Apr. 28, 2009)(a party only has a duty to obtain documents from those third parties over which the party has the legal right to receive documents or other information upon request). Certainly, Quintessa has a right to receive these call recordings.

RFP #9. Please see above as to Interrogatory #15.

RFP #10. Please see above as to Interrogatory #16.

RFP #11. Please see above as to Interrogatory #17.

RFP #12. Please see above as to Interrogatory #18.

RFP #14. Please withdraw the objection seeing that the answer of "none" was provided.

RFP #15. Please answer the Request and identify any privileged materials on a privilege log. If the only non-privileged notes are on the referenced document, please clarify that.
RFP #16. Please answer the Request and identify any privileged materials on a privilege log. If the only non-privileged notes are on the referenced document, please clarify that.

RFP #18. Please answer the Request and identify any privileged materials on a privilege log. If the only non-privileged notes are on the referenced document, please clarify that.

RFP #19. Please answer the Request and identify any privileged materials on a privilege log. If the only non-privileged notes are on the referenced document, please clarify that.

RFP #23. We are entitled to a full answer concerning the identities of potential witnesses and do not need to take Quintessa's Rule 26 disclosure as gospel. In fact, Quintessa already failed to identify the records custodian at "talkdesk" as a potential witness.

RFP #24. We are entitled to discovery on Quintessa's dealings with other lawyers / law firms to establish motive. FRE 406. This kind of information is especially relevant in a fraud lawsuit.

RFP #25. We are entitled to discovery on Quintessa's dealings with other lawyers / law firms to establish motive. FRE 406. This kind of information is especially relevant in a fraud lawsuit.

RFP #26. We are entitled to discovery on Quintessa's dealings with other lawyers / law firms to establish motive. FRE 406. This kind of information is especially relevant in a fraud lawsuit.

RFP #27. We are entitled to discovery on Quintessa's dealings with other lawyers / law firms to establish motive. FRE 406. This kind of information is especially relevant in a fraud lawsuit.

RFP #28. We are entitled to electronic discovery. FRCP 34. This request is designed to identify information to effectively perform such electronic discovery. As such, we request you withdraw the objection.

RFP #29. We are entitled to electronic discovery. FRCP 34. This request is designed to identify information to effectively perform such electronic discovery. As such, we request you withdraw the objection.

RFP #30. We are entitled to electronic discovery. FRCP 34. This request is designed to identify information to effectively perform such electronic discovery. As such, we request you withdraw the objection.

RFP #31. We are entitled to electronic discovery. FRCP 34. This request is designed to identify information to effectively perform such electronic discovery. As such, we request you withdraw the objection.

RFP #32. We are entitled to electronic discovery. FRCP 34. This request is designed to identify information to effectively perform such electronic discovery. As such, we request you withdraw the objection.

RFP #33. We are entitled to electronic discovery. FRCP 34. This request is designed to identify information to effectively perform such electronic discovery. As such, we request you withdraw the objection.

RFP #36. As you know, it is Quintessa's burden to prove that any document is privileged. FRCP 26(b)(5). To that end, Quintessa has completely failed. We are undoubtedly entitled to a

privilege log and there are a myriad of eighth circuit cases that support that proposition. Rabushka ex rel. U.S. v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997). As such, we request you provide a privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter. Johnson v. Ford Motor Co., 309 F.R.D. 226, 232 (S.D.W. Va. 2015).

I ask you to consider the above and respond, in writing, to this request within seven (7) days. We reserve the right to attach your written response hereto in a motion to compel.

Sincerely,

E. Ryan Bradley

ERB/AH