## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ERB LEGAL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-1255-DDN |
| | ) | |
| QUINTESSA MARKETING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff failed to meet and confer in good faith as required by Local Rule 3.04(A). Undersigned counsel just recently entered his appearance and immediately contacted Plaintiff to discuss the outstanding discovery issues. Without warning or giving undersigned counsel a reasonable chance to negotiate in good faith, Plaintiff then filed a four-paragraph motion to compel. The motion, which lacks the memorandum required under the Local Rules, does not identify the specific responses or objections to which Plaintiff seeks to compel or overrule and instead makes broad, generalized statements that the responses are supposedly inadequate. Since the filing, the parties have been meeting and conferring in good faith. Plaintiff inexplicably refuses to withdraw the motion. The motion should be denied without prejudice to permit the parties to continue to negotiate in good faith.

### FACTS

On May 18, 2021, Plaintiff's counsel sent a letter to Defendant's counsel regarding alleged deficiencies in Defendant's responses to discovery requests. The parties scheduled a meet and confer for May 20, 2021. On May 20, 2021, Defendant informed its previous counsel that

1

undersigned counsel would be taking over representation of the matter and the meet and confer was cancelled. These details are set forth in Plaintiff's motion.

Plaintiff's recitation of the attempts to meet and confer, however, omits key information. On May 26, 2021, undersigned counsel entered his appearance in this matter. Minutes later, undersigned counsel immediately called Plaintiff to introduce himself and to discuss how to best address the discovery issues. On May 27, 2021, at 11:26 am, Plaintiff left a return voicemail for Defendant's counsel and a few minutes later also sent an email. In neither the voicemail nor the email did Plaintiff mention anything about discovery or a motion to compel. Hours later, at 2:20 pm, without any notice, Plaintiff filed this motion to compel.

Undersigned counsel immediately called Plaintiff and objected to the motion as non-compliant with the Local Rules. Undersigned counsel requested Plaintiff withdraw the motion to allow undersigned counsel to get up to speed and to allow the parties to have an opportunity to negotiate in good faith, as required by the Local Rules. Plaintiff refused. In the same conversation, undersigned counsel agreed to meet and confer the next Tuesday, June 1, 2021. The parties did meet and confer and agreed that it was better for Defendant to send a written response to the letter to streamline the discussions. Defendant has done so and anticipates that the parties will meet and confer again to address any outstanding issues.

## APPLICABLE LAW

Local Rule 3.04(A) states "[t]he Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals

participating therein, or shall state with specificity the efforts made to confer with opposing counsel." Additionally, Local Rule 4.01(A) requires each moving party to "file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies."

## ARGUMENT

Plaintiff has failed to comply with Local Rules 3.04(A) and 4.01(A). Plaintiff knew that Defendant was in the middle of changing counsel. Defendant's counsel reached out to Plaintiff at the earliest opportunity and attempted to address the discovery issues. Defendant filed the motion to compel without making sincere effects to resolve the dispute. For this reason alone, the motion should be denied.

Plaintiff also failed to comply with Local Rule 4.01(A). Plaintiff did not file any memorandum with the motion providing relevant argument and citations to authorities. Instead, Plaintiff filed a four-paragraph motion that makes conclusory allegations that Defendant's responses are "deficient" and that all of the objections should be overruled. Plaintiff fails to offer any reason as to why or how the discovery responses and objections are unacceptable. *See Chowdada v. Judge Technical Services, Inc.*, 2020 WL 1640323 (E.D.Mo. April 2, 2020).

In *Chowdada*, the district court denied a motion to compel because the movant did not confer in good faith and because the movant's objections to the discovery responses were "not sufficiently specific to allow Defendant to remedy the alleged shortcomings." *Id.* at 2. The court noted that the movant failed to "offer a reason as to *why* or *how* [Defendant's] discovery responses are 'unacceptable.'" *Id.* (emphasis in original). Plaintiff's motion suffers from the same defects as *Chowdada*. The motion is bereft of any argument as to how and why the responses are unacceptable. The motion does not even identify which specific requests Plaintiff is moving to

3

compel or which objections Plaintiff seeks to overrule. Without this detail, Defendant has no way to adequately respond to Plaintiff's motion.

Given that the parties are engaged in active good faith negotiations, as well as the defects in the motion, Defendant respectfully requests the Court to deny the motion to compel without prejudice and allow the parties to continue to negotiate in good faith.

Date: June 10, 2021                              Respectfully submitted,

                                                 KHAZAELI WYRSCH LLC

                                                 /s/ James R. Wyrsch
                                                 James R. Wyrsch, 53197(MO)
                                                 911 Washington Avenue, Suite 211
                                                 Saint Louis, MO 63101
                                                 (314) 288-0777
                                                 (314) 400-7701 (fax)
                                                 james.wyrsch@kwlawstl.com

                                                 **Attorney for Quintessa Marketing, LLC**