UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERB LEGAL INVESTMENTS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20-cv-1255-DDN |
| QUINTESSA MARKETING, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN
ADDITIONAL PARTY DEFENDANT**

The deadline to file an Amended Complaint was March 16, 2021. Two months later, Plaintiff filed a Motion to Amend the Complaint. Plaintiff does not offer any reason for failing to file a timely motion to amend.[1] Plaintiff has failed to provide good cause for failing to seek leave to amend after the deadline, and Plaintiff's amendment would be futile. The motion should be denied.

**ARGUMENT**

"If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir. 2008). Moreover, a district court should deny leave when a proposed amendment would be futile. *Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 973–74 (8th Cir. 2018).

"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). "Good cause

---

[1] Defendant notes that Plaintiff failed to file a memorandum of law in support of this motion in violation of the Local Rules. Indeed, Plaintiff filed three motions on May 27, 2021, and failed to file a memorandum in any of them.

1

may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."

## ARGUMENT

I. **Plaintiff Has Not Established Good Cause to File an Amended Complaint Out of Time.**

In its motion, Plaintiff does not identify any change in the law, newly discovered facts, or another significant changed circumstances that require amendment of a party's pleading. In the proposed Amended Complaint, Plaintiff proposes two amendments. The first is a new cause of action for a purported violation of the Missouri Merchandising Practices Act, which was certainly available to Plaintiff on March 16, 2021. The second is a purported cause of action to pierce the corporate veil. In support of that purported cause of action, Plaintiff does indicate that "after this cause of action was filed," Plaintiff supposedly became aware of unspecified litigation that Plaintiff claims supports this cause of action. *See* Exhibit 1 at ¶ 116. Even liberally construing this as an argument for "good cause," Plaintiff has not met its burden. Plaintiff does not indicate when it became aware of this litigation or how this litigation relates to a piercing the corporate veil claim.

Moreover, Plaintiff pleads a number of spurious allegations "upon information and belief." Plaintiff had months to conduct discover into these alleged issues. Plaintiff failed to do so and cannot now attempt to bring an entirely new party into this litigation with baseless allegations alleged only "upon information and belief."

II. **The Amended Complaint Would Be Futile.**

Plaintiff brings two claims. Both causes of action are futile and allowing Plaintiff to amend the Complaint with these spurious claims would be futile. "A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss." *Huerta-Orosco v. Cosgrove*, 979 F. Supp. 2d 974, 979 (N.D. Iowa 2013).

2

Count III purports to state a claim under Missouri's consumer protection law, the Missouri Merchandising Practices Act ("MMPA"). "To establish a claim under the MMPA, a plaintiff must show that she (1) leased or purchased a product or service from defendant; *(2) primarily for personal, family, or household purposes;* and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020 RSMo." Schulte v. Conopco, Inc., 20-2696, 2021 WL 1971957 (8th Cir. May 18, 2021) (emphasis added).

Conspicuously, in the proposed Amended Complaint, Plaintiff utterly fails to address the second element. Section 407.025 provides a private right of action but it "is explicitly limited by the legislature." *Fabas Consulting Int'l, Inc. v. Jet Midwest, Inc.*, 74 F. Supp. 3d 1026, 1030 (W.D. Mo. 2015) (emphasis added) (dismissing MMPA claim because MMPA did not create private right of action for business-to-business dispute). The MMPA is a consumer protection act and limits its private right of action "to a person or a consumer who purchases or leases goods for personal, family, or household use." *Id.* at 1030-31. "[A] business entity is essentially unable to sue another business for an unfair or deceptive trade practice." *Id.* at 1031. Unquestionably, the dispute in this case is about a business transaction and could never be construed as a transaction for personal, family or household purposes. Accordingly, Count III is not cognizable under the facts in this case, could not survive a motion to dismiss, and thus is futile.

Count IV is a count to pierce the corporate veil, seeking to add Defendant's sole owner as a defendant. In support of its claim, Plaintiff alleges that Ms. Mingee previously owned companies and, upon information and belief, that she closed those companies. Plaintiff also notes that another law firm sued Defendant making similar allegations. Most of the spurious allegations are pleaded "upon information and belief." Regardless, Plaintiff has not pleaded any facts to support an actual piercing the corporate veil cause of action.

In *Bick v. Legacy Bldg. Maint. Co. LLC*, ED 108992, 2021 WL 1179374, at *3 (Mo. App. E.D. Mar. 30, 2021), the court laid out the requirements for piercing the corporate veil:

> In order to pierce the corporate veil, whereby a court may disregard a corporate entity and hold its owners personally liable for corporate debts, the plaintiff must plead and demonstrate: 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and 2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

Piercing the corporate veil is "the exception rather than the rule, and, ordinarily, a corporation will be regarded as a separate legal entity even though there is but a single stockholder." *K.C. Roofing Ctr. v. On Top Roofing, Inc.*, 807 S.W.2d 545, 549 (Mo. App. W.D. 1991)

Plaintiff alleges that Ms. Mingee has complete control of the company, just as any sole owner of a company has. Beyond that fact, Plaintiff does not make any other factual allegations to support the conclusory allegation that the company has "no separate mind," much less the other two requirements. The mere fact that she may have closed some other companies sometime in the past does not, by itself, support a piercing claim. This claim would also be subject to a motion to dismiss and is thus futile. The motion should also be denied as to Count IV.

WHEREFORE, for the reasons stated above, Defendant respectfully requests the Court to deny the motion.

Date: June 10, 2021                               Respectfully submitted,

                                                                 KHAZAELI WYRSCH LLC

                                                                 <u>/s/ James R. Wyrsch</u>
                                                                 James R. Wyrsch, 53197(MO)
                                                                911 Washington Avenue, Suite 211
                                                                Saint Louis, MO 63101
                                                                (314) 288-0777
                                                                (314) 400-7701 (fax)
                                                                james.wyrsch@kwlawstl.com

                                                              **Attorney for Quintessa Marketing, LLC**