UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERB LEGAL INVESTMENTS LLC,                 ) | |
|            Plaintiff/Counterclaim Defendant, ) | |
| v.                                                                    ) | Cause No.: 4:20-CV-1255 DDN |
| QUINTESSA MARKETING, LLC,              ) | |
|            Defendant/Counterclaim Plaintiff.   ) | |

**QUINTESSA, LLC'S ANSWERS AND OBJECTIONS TO ERB LEGAL INVESTMENTS, LLC'S FIRST SET OF INTERROGATORIES**

COMES NOW Quintessa, LLC, d/b/a Quintessa Marketing, LLC ("Quintessa"), by and through its undersigned counsel, Behr, McCarter & Potter, P.C., and for its Answers and Objections to ERB Legal Investments, LLC's ("ERB") First Set of Interrogatories, states as follows:

GENERAL OBJECTIONS

**I.      Quintessa objects to ERB's propounding of 147 interrogatories, to include subparts, in direct violation of this Court's Joint Proposed Scheduling Order [ECF No. 28]. ERB has served no fewer than 147 interrogatories over 17 pages for a matter in which it has pleaded damages not to exceed $50,000 [Am. Pet, ECF No. 5]. Although the Eighth Circuit has not adopted any specific test for counting interrogatories, at least one court in this District has addressed the matter in an unpublished order, noting that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Buetow v. A.L.S. Enters., Inc., et al.*, Civ. No. 07-3970 (RHK/JJK), Doc. No. 285 at 4–5 (D. Minn. Sep. 21, 2009) (unpublished) (Keyes, M.J.) (quotations omitted). As a sampling of ERB's discovery requests: Interrogatory 11 has sixteen subparts; interrogatory 16 has nineteen subparts with four additional sub-subparts; and interrogatory 18 has sixteen subparts. Many, if not most, of these subparts are discrete Interrogatories because the factual basis for each response is not logically or factually subsumed within or necessarily related to the primary questions.**

**II.     Quintessa objects to ERB's instructions to these interrogatories to the extent that such instructions enlarge or expand the burden upon Quintessa beyond**

1

    the requirements of the Federal Rules of Civil Procedure or this Court's case management order.

III. Quintessa specifically objects to any request which may be construed to seek privileged attorney-client communications or work product.

IV. Quintessa objects to the use of any proper nouns or terms undefined by ERB to the extent that such terms imply a term of art or any definition beyond the common and regularly understood meaning of such term. Quintessa also objects to ERB's purported definitions to the extent they alter the regularly understood meaning of the term.

V. Quintessa's investigation of this matter is not complete and Quintessa reserves the right to supplement under the Federal Rules of Civil Procedure.

VI. No admissions are intended by any response herein unless so specified.

VII. These objections are incorporated into each response below as if fully set forth therein.

## ANSWERS AND OBJECTIONS

1. Please identify the following:

 (a) Name of the person(s) answering these Interrogatories;

 (b) Address for each individual identified in (a);

 (c) Marital status for each individual identified in (a);

 (d) Social Security number for each individual identified in (a);

 (e) Date of birth for each individual identified in (a);

 (f) For each individual identified in (a) his or her relationship to Quintessa; and

 (h) For each individual identified in (a), the name, address and telephone number of your current employer as well as each of your prior employers for last 30 years. For each employer, state the date of employment and termination, your position, title and nature of your occupational responsibilities with respect to said employment;

2

**Leo Mingee, and Lauren Mingee regarding disengagement of clients," and "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)." For further answer, Quintessa delivered leads to ERB as required by the contract.**

14. Did Quintessa ever notify ERB of any reason why ERB was in breach of contract or did not perform its duties under the Contract? If yes, please identify:

   a. The date(s) of each communication;

   b. The nature of said communication (oral, written, email, letter, etc.);

   c. The contents of each communication; and

   d. Identify each individual who on behalf of Quintessa determined the language to be included on any such communication.

**ANSWER: Yes. See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients" and the page Bates-labelled QUINTESSA 0023 in "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)." Specifically, see the email from Lauren Mingee to Ryan Bradley dated July 17, 2020.**

15. Identify every individual or business entity that Quintessa contracted to provide the same or similar services as you provided to ERB from 1-1-2001 to present. For each, please state:

   a. the name of the entity or individual;

   b. the name of your primary contact;

   c. the date you first provided services;

   d. if applicable, the date you last provided services;

   e. for each, whether it was ever alleged that you failed to provide the contracted services in any capacity along with a detailed description of the allegation;

14

    f.    for each allegation identified in (e), whether any legal action(s) was (were) commenced as a result;

    g.    for each, identify any communication that dealt with Quintessa's qualifying of Leads, or failing to qualify Leads;

    h.    for each, identify any communication that dealt with Quintessa's handling of disengagements;

    i.    for each, identify any wherein Quintessa alleged the entity or individual improperly or fraudulently disengaged Leads; and

    j.    describe in detail the basis for Quintessa's allegation identified in (i).

**ANSWER: Quintessa objects to Interrogatory #15 as it is irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Interrogatory #15 outweighs any likely benefit this information may have to resolving the issues in dispute.**

16.    Describe the access ERB was granted to the "online web portal" identified in your Petition in paragraph 8 at all times during the pendency of Quintessa's business relationship with ERB, including but not limited to:

    a.    the login credentials for each user;

    b.    the fields that ERB _could not_ modify;

    c.    the fields that ERB _could_ modify;

    d.    the meaning of type that appears black in color;

    e.    identify exactly when and how Quintessa communicated to ERB the meaning of type that appears black in color;

    f.    identify any communication from ERB wherein it questioned what the meaning of type that appears black in color;

15

provisions, duties, and obligations under the contract."

**ANSWER: Quintessa reiterates its objection to Interrogatory #18 as each and every self-styled "subpart" is a wholly separate, discrete inquiry because the factual basis for each response is not logically or factually subsumed within or necessarily related to the primary question.** *See Hansen v. Savage Arms Co.*, **No. 17-CV-3002-LTS, 2017 WL 6376342, at \*6–8 (N.D. Iowa Dec. 13, 2017). Subject to and without waiving said objections, see documents produced pursuant to Quintessa's Rule 26(a)(1) disclosures.**

19. For each entity identified in your answer to Interrogatory #1(m), identify each entity that provided leads and/or marketing services to lawyers or law firms and for each, please state:

    a. the name of the entity;

    b. the date that entity first engaged in business;

    d. if applicable, the date that entity last provided services;

    e. for each entity, whether it was ever alleged by anyone that you failed to provide the contracted services in any capacity along with a detailed description of the allegation;

    f. for each allegation identified in (e), whether any legal action(s) was (were) commenced as a result;

    g. for each, identify any communication that dealt with that entity's qualifying of leads, or failing to qualify leads;

    h. for each, identify any communication that dealt with the entity's handling of disengagements;

    i. for each, identify any wherein the entity alleged the contracted with lawyer or law firm improperly or fraudulently disengaged leads; and

    j. describe in detail the basis for the entity's allegation identified in (i).

21

**ANSWER: Quintessa objects to Interrogatory #19 as it is irrelevant and not proportional to the needs of the case considering the amount in controversy and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Interrogatory #19 outweighs its likely benefit.**

20. For each individual identified in your answer to Interrogatory #1(l), identify any sole proprietorship wherein that individual provided leads and/or marketing services to lawyers or law firms and for each, please state:

   a. the name of the sole proprietorship;

   b. the date that sole proprietorship first engaged in business;

   d. if applicable, the date that sole proprietorship last provided services;

   e. for each entity, whether it was ever alleged by anyone that you failed to provide the contracted services in any capacity along with a detailed description of the allegation;

   f. for each allegation identified in (e), whether any legal action(s) was (were) commenced as a result;

   g. for each, identify any communication that dealt with that sole proprietorship's qualifying of leads, or failing to qualify leads;

   h. for each, identify any communication that dealt with the sole proprietorship's handling of disengagements;

   i. for each, identify any wherein the sole proprietorship alleged the contracted with lawyer or law firm improperly or fraudulently disengaged leads; and

   j. describe in detail the basis for the sole proprietorship's allegation identified in (i).

**ANSWER: Quintessa objects to Interrogatory #20 as it is irrelevant and not proportional to the needs of the case considering the amount in controversy and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Interrogatory #20 outweighs its likely benefit.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERB LEGAL INVESTMENTS LLC, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| v. ) | Cause No.: 4:20-CV-1255 DDN |
| ) | |
| QUINTESSA MARKETING, LLC, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**QUINTESSA, LLC'S RESPONSES AND OBJECTIONS TO ERB LEGAL INVESTMENTS, LLC'S FIRST REQUESTS FOR PRODUCTION**

COMES NOW Quintessa, LLC, d/b/a Quintessa Marketing, LLC ("Quintessa"), by and through its undersigned counsel, Behr, McCarter & Potter, P.C., and for its Responses and Objections to ERB Legal Investments, LLC's ("ERB") First Requests for Production, states as follows:

GENERAL OBJECTIONS

**I.**   **Quintessa objects to ERB's instructions to these requests to the extent that such instructions enlarge or expand the burden upon Quintessa beyond the requirements of the Federal Rules of Civil Procedure or this Court's case management order.**

**II.**   **Quintessa specifically objects to any request which may be construed to seek privileged attorney-client communications or work product.**

**III.**   **Quintessa objects to the use of any proper nouns or terms undefined by ERB to the extent that such terms imply a term of art or any definition beyond the common and regularly understood meaning of such term. Quintessa also objects to the ERB's purported definitions to the extent they alter the regularly understood meaning of the term.**

**IV.**   **Quintessa's investigation of this matter is not complete and Quintessa reserves the right to supplement under the Federal Rules of Civil Procedure.**

**V.**   **No admissions are intended by any response herein unless so specified.**

**VI.**   **These objections are incorporated into each response below as if fully set**

1

**RESPONSE**: Quintessa objects to Request #7 because it is not the custodian of the audio recordings. Further the burden on Quintessa to obtain these recordings is equal to any burden placed on ERB to obtain the recordings. Subject to and without waiving these objections, see documents produced by Quintessa pursuant to its Rule 26(a) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients," "2(a) - Recorded telephone conversation between Alyssa Viera and Marshanice Robinson," and "2(b) - Recorded telephone conversation between Alyssa Viera and Marshanice Robinson."

8. Produce any documents evidencing communication identified in your answer to Interrogatory #14.

**RESPONSE**: See documents produced by Quintessa pursuant to its Rule 26(a)(1) disclosures, specifically those titled "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding disengagement of clients" and the page Bates-labelled QUINTESSA 0023 in "4 - Correspondence between Plaintiff and Defendant, including emails and text messages (QUINTESSA 0009-0189)." See also the email from Lauren Mingee to Ryan Bradley dated July 17, 2020 produced concurrently herewith as "RE Status."

9. Produce any documents identified in your answer to Interrogatory #15.

**RESPONSE**: Quintessa objects to Request #9 as it is irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #9 outweighs any likely benefit this information may have to resolving the issues in dispute.

10. Produce any documents concerning the "online web portal" identified in your answer to Interrogatory #16.

**RESPONSE**: Quintessa objects to Request #10 as it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #10 outweighs any likely benefit this information may have to resolving the issues in dispute. Subject to and without waiving said objections, see documents produced pursuant to Quintessa's Rule 26(a)(1) disclosures, specifically those titled "5 - Google Document prepared for Plaintiff's Campaign," "6 - Information from Defendant's client portal for Plaintiff's Campaign (QUINTESSA 0005-0007)," "3 - Agreement between Plaintiff and Defendant (QUINTESSA 0001-0004)," "1 - Recorded telephone conversation between Ryan Bradley, Leo Mingee, and Lauren Mingee regarding

**disengagement of clients."**

23. A copy of any document evidencing the identities of all individuals employed by Quintessa at all times when the subject contract was in force. Please identify any individuals who are no longer employed by Quintessa.

**RESPONSE: Quintessa objects to Request #23 as it is seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #23 outweighs any likely benefit this information may have to resolving the issues in dispute.**

24. A copy of any document evidencing the identities of any other lawyer and/or law firms for whom Quintessa provided leads and/or marketing services in the last five (5) years.

**RESPONSE: Quintessa objects to Request #24 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #24 outweighs any likely benefit this information may have to resolving the issues in dispute.**

25. A copy of all letters from lawyers, law firms or clients for whom Quintessa provided leads and/or marketing services wherein the lawyer, law firm or client:

    a. challenged, complained of, or identified a misunderstanding in how Quintessa (including it agents and/or employees) handled leads;

    b. challenged, complained of, or identified a misunderstanding in how Quintessa (including it agents and/or employees) handled disengagements and/or its disengagement policy;

    c. claimed Quintessa (including it agents and/or employees) improperly retained money deposits for leads;

    d. claimed Quintessa (including it agents and/or employees) engaged in fraud;

9

   and

  e. claimed Quintessa (including it agents and/or employees) was in breach of contract;

**RESPONSE**: **Quintessa objects to Request #25 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #25 outweighs any likely benefit this information may have to resolving the issues in dispute.**

  26. A copy of all lawsuits filed by any lawyer, law firm or client against Quintessa (including it agents and/or employees) in connection with providing of leads and/or marketing services.

**RESPONSE**: **Quintessa objects to Request #26 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #26 outweighs any likely benefit this information may have to resolving the issues in dispute.**

  27. A copy of all lawsuits filed by Quintessa (including it agents and/or employees) in connection with providing of leads and/or marketing services against any client or former client.

**RESPONSE**: **Quintessa objects to Request #27 as it seeks documents that are irrelevant and not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. Furthermore, the burden in fully responding to Request #27 outweighs any likely benefit this information may have to resolving the issues in dispute.**

  28. All documents with reference to or written policies, procedures and guidelines related to Defendant's computers, computer systems, electronic data and electronic media including, but not limited to, the following:

   a. Backup tape rotation schedules;

   b. Electronic data retention, preservation and destruction schedules;