UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERB LEGAL INVESTMENTS LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 4:20-CV-1255 |
| QUINTESSA LLC | ) |
| | ) Division No. |
| AND | ) |
| | ) |
| LAUREN MINGEE (AKA "LAUREN | ) |
| MCNEILL", AKA "LAUREN VON"), | ) |
| | ) |
|     Defendant. | |

## PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER

**COMES NOW** Plaintiff, ERB LEGAL INVESTMENTS LLC, by and through attorney E. Ryan Bradley of The Bradley Law Firm and for his Motion for Rule 37 Sanctions for Failure to Comply with a Court Order states as follows to this Court:

1. On August 16, 2021, Plaintiff filed a Motion to Compel [Doc.#74] Defendant's discovery answers to Interrogatories 15 and 19 as well as Requests for Production 9, 24 and 25, which was sustained by this Court. *See* Memorandum and Order dated October 18, 2021, Doc.#82.

2. On November 22, 2021, the undersigned emailed counsel for Defendant and requested the "client list" as the Court ordered.

3. On January 7, 2022, counsel for Defendant emailed the undersigned and stated "we will have the names to you Monday" [referring to the client list].

4. On January 10, 2022, counsel for Defendant emailed the undersigned an encrypted email and attached a document entitled "Quintessa Client List" which by its express terms was a *current* client list as of April 20, 2020. That link is no longer available to Plaintiff and therefore cannot be attached as an exhibit.

5. On January 18, 2022, the undersigned emailed counsel for Defendant and explained that his email was not responsive to the Court order compelling answers to discovery in that Request for Production 24 clearly asked for a list of all clients in the last 5 years. The undersigned also demanded a formal supplement to Interrogatories 15 and 19 as well as Requests for Production 9, 24 and 25, as required by Court order.

6. On January 18, 2022, counsel for Defendant asked for a "meet and confer" which was rejected by the undersigned since there is a very clear court order compelling answers to this discovery. Indeed, nothing in the Federal Rules of Civil Procedure requires a "meet and confer" after the Court rules on a discovery dispute and issues a very clear Order commanding a party to provide a response. *See generally* FRCP 37. On January 19, 2022, defense counsel states *"will provide a written response in a bit, but I do think there is an issue to meet and confer about. I will be in touch."*

7. As of the filing of this motion, Defendant has not complied with this Court's Order [Doc.#82].

8. FRCP 37(b) entitled "Failure to Comply with a Court Order" states:

(b) FAILURE TO COMPLY WITH A COURT ORDER.

(1) *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

  (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

  (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

  (iii) striking pleadings in whole or in part;

  (iv) staying further proceedings until the order is obeyed;

  (v) dismissing the action or proceeding in whole or in part;

  (vi) rendering a default judgment against the disobedient party; or

  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

9. Clearly, Defendant, after three months of procrastination, and after having been given over a week to cure this clear and willful violation of this Court's order, has not done so.

10. Defendant's procrastination and willful violation of this Court's order has resulted in discovery delays that negatively impact Plaintiff's ability to prepare his case for trial. Plaintiff reminds this Court that Defendant just petitioned this Court for an extension of deadlines in the scheduling order, which was unopposed by Plaintiff. *See* Doc.#88. As a result, an Amended Scheduling Order was entered. *See* Doc.#89, which mandates a discovery completion date of April 15, 2022. As of this date, Plaintiff has no client list as required by this Court and separately, Defendant has objected to Plaintiff's proposed letter to the individuals / firms on the "client list."

11. Plaintiff seeks sanctions against Defendant in accordance with FRCP 37(b)(2)(A) as this Court deems appropriate.

**WHEREFORE**, Plaintiff prays for this Court to enter sanctions against Defendants pursuant to FRCP 37(b)(2)(A) and for any such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ E. Ryan Bradley

By: _____

E. Ryan Bradley, #53777
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Ryan@thebradleylawfirm.com

## **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on Tuesday, January 25, 2022, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **Courts E-Filing System** which was sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

James Wyrsch
Khazaeli Wyrsch
Attorney For: Quintessa Marketing, LLC
911 Washington Ave
Suite 211
St. Louis, MO  63101
Phone: (314) 288-0777
Fax: (314) 400-7701
Email Address: james.wyrsch@kwlawstl.com