UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERB LEGAL INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:20-CV-1255 |
| QUINTESSA LLC, | ) | |
| | ) | Division No. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ERB LEGAL INVESTMENTS LLC'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS

**COMES NOW** Plaintiff, ERB LEGAL INVESTMENTS LLC, by and through attorney E. Ryan Bradley of The Bradley Law Firm and for its Statement of Uncontroverted Material Facts in support of its motion for summary judgment [Doc. #145] states as follows to this Court:

Plaintiff adopts all Statements of Uncontroverted Facts 1 through 116 as set forth in Doc.#153 and Exhibits 1 through 14 [Docs #153-1 through 153-14] as if fully set forth herein. Plaintiff adopts all Statements of Uncontroverted facts 117 through 133 as set forth in Doc.#155 and Exhibit 15 [Doc. 155-15] as if fully set forth herein.

Plaintiff further states as follows:

134.   That at the inception of the business relationship between ERB and Quintessa, ERB provided Quintessa with its "contingency fee contract" so that Quintessa could sign "Plaintiffs" on its behalf. *See* Exhibit 16, email dated April 21, 2020 and Exhibit 17, the That contingency fee agreement.

135.    After the May 14, 2020 recorded phone call (See SOF¶108), ERB emailed Quintessa a new contingency fee contracts to use in signing up Plaintiffs (one for Missouri, and one for Illinois) that memorialized the contract criteria so that newly signed Plaintiffs would be aware of the criteria that must be met in order to be an ERB client. The email is attached as Exhibit 18 and the attachments thereto are marked as Exhibits 19 (Missouri) and Exhibit 20 (Illinois).

136.    Both of the new contingency fee contracts (Exhibits 19 and 20) unequivocally stated at the very top "*You understand we are accepting your personal injury case on a contingency fee contract, subject to the terms and conditions below, based upon the understanding that a) you were not at fault in causing the crash, b) there is automobile insurance coverage (liability or uninsured motorist), c) that there is at minimum $1500 in property damage and d) that you have physical injuries for which you sought medical treatment within 14 days and are continuing to need medical treatment as a result of these injuries. We reserve the right to reject your case if any one of these factors is not applicable to your case and we will not charge you any fee.*"

137.    Quintessa never used the amended contingency fee contracts (Exhibits 19 and 20) to sign up new "Plaintiffs" and continued to utilize the old contingency fee contract (Exhibit 17).

138.    At no time did Quintessa ever alert ERB that it would not use the new contracts.

139.    On June 4, 2020, it came to E. Ryan Bradley's attention that Quintessa was not using the new contracts to sign up new "plaintiffs" and emailed Quintessa stating "*Can you guys check to make sure that you received the amended contract that I sent over three or four weeks ago? The old one is still being used and I would like to use the updated one. If you need me to*

*send it again, I will. Thank you, ryan.*" *See* Exhibit 21, email from E. Ryan Bradley dated June 4, 2020.

140.   Lauren Mingee replied to Exhibit 21 that same day and stated "*Can you resend we can confirm we have it.*" *See* Exhibit 22, email from Lauren Mingee to E. Ryan Bradley dated June 4, 2020.

141.   On June 10, 2020, E. Ryan Bradley replied stating "Here are the 2 contracts I sent over …. Please use this" and again attached Exhibits 19 and 20 to that email. *See* Exhibit 23.

142.   Despite the above, Quintessa never used the amended contingency fee contracts (Exhibits 19 and 20) to sign up new "Plaintiffs" and continued to utilize the old contingency fee contract (Exhibit 17).

143.   The phone calls between "leads" procured by Quintessa on behalf of ERB occurred between April 27, 2020 and August 1, 2020.

144.   Quintessa recorded its phone calls with "leads" through Talkdesk, a third party. *See* Exhibit 2, Interrogatory 11(c).

145.   Talkdesk provides cloud-based software services for call center operations. Such services include telephone services that allow customers to place and receive calls through the Talkdesk platform and to record and store telephone conversations. *See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶2.

146.   Talkdesk's policy regarding the retention of customers' call recordings. As noted in the document, the default retention period for call recordings is 180 days (six months). As also noted in the document, customers have the ability configure the retention period to be longer or shorter than the default period on demand as needed. *See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶3.

147.    Quintessa Marketing ("Quintessa") has been a Talkdesk customer since on or about January 3, 2017. During that time, and pursuant to the policy described above, Quintessa has configured its own retention period on several occasions. Specifically, I have been informed and on that basis belief that Exhibit B to this declaration is a log of the instances in which Quintessa's retention period was configured by Quintessa on the Talkdesk platform. The log shows that Quintessa's retention period was configured on the following dates for the following periods:

>    a. On January 3, 2017, the retention period was configured to Talkdesk's default period of 180 days.

>    b. On January 6, 2017, Quintessa configured its retention period to retain call recordings indefinitely. That is, they set the policy to "do not delete."

>    c. On August 27, 2019, Quintessa configured its retention period to a period of 30 days.

>    d. On April 27, 2020, Quintessa configured its retention period to a period of 180 days.

>    e. On March 18, 2021, Quintessa configured its retention period to a period of 1095 days.

*See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶4.

148.    ERB subpoenaed all call recordings from Talkdesk for the at-issue leads that Quintessa failed to pre-qualify but Talkdesk does not have those recordings. *See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶5.

149.    For calls that occurred between April 1, 2020 and April 26, 2020, Quintessa's retention period was 30 days from the date of the recording. Accordingly, those call recordings

would generally no longer have been accessible starting 30 days after they occurred, *i.e.*, on or around May 1, 2020 to May 26, 2020, depending on the date the call occurred. *See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶6.

150.    Similarly, for calls that occurred between April 27, 2020 and August 1, 2020, Quintessa Marketing's retention period was 180 days from the date of the recording. Accordingly, those call recordings would generally no longer have been accessible starting 180 days after they occurred, *i.e.*, on or around October 27, 2020 to February 1, 2021, depending on the date the call occurred. *See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶7.

151.    Quintessa waited until June 10, 2021 to attempt to recover call recordings from April 20, 2020 to July 24, 2020, beyond the time for retention it itself set up. *See* Exhibit 24, affidavit of Kieran King, CEO of Talkdesk, Inc., ¶8.

152.    ERB notified Quitnessa of its material breach of contract on July 17, 2020 with cure date of July 24, 2020.

153.    As of July 17, 2020 (the date Quintessa was notified of imminent litigation), all calls from 4-1-20 through 4-26-20 were already deleted per Quintessa' retention policy but call records from April 27, 2020 onward would have been available for preservation.

154.    Quintessa was sued for breach of contract "among other things" [upon information and belief fraud] by the law firm of Hupy and Abraham. *See* Exhibit 2, Interrogatory 15.

Respectfully submitted,

/s/ E. Ryan Bradley

By: _____
     E. Ryan Bradley, #53777
     The Bradley Law Firm

Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Ryan@thebradleylawfirm.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2022, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **Missouri Courts E-Filing System** which was sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

James Wyrsch
Khazaeli Wyrsch
Attorney For: Quintessa Marketing, LLC
911 Washington Ave
Suite 211
St. Louis, MO  63101
Phone: (314) 288-0777
Fax: (314) 400-7701
Email Address: james.wyrsch@kwlawstl.com