**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ERB LEGAL INVESTMENTS LLC, | Case No. 4:20-CV-1255 |
| Plaintiff, | **DECLARATION OF KIERAN KING** |
| v. | |
| QUINTESSA LLC and LAUREN MINGEE (AKA "LAUREN MCNEILL", AKA "LAUREN VON"), | |
| Defendant. | |

I, Kieran King, declare as follows:

1.      I am the Chief Customer Officer of Talkdesk, Inc.  The statements in this declaration are based on my personal knowledge, except as to matters stated on information and belief, which I believe to be true based on my review of corporate records maintained by Talkdesk in the ordinary course of business, and my discussions with Talkdesk employees.

2.      Talkdesk provides cloud-based software services for call center operations.  Such services include telephone services that allow customers to place and receive calls through the Talkdesk platform and to record and store telephone conversations.

3.      Attached hereto as Exhibit A is a copy of Talkdesk's policy regarding the retention of customers' call recordings.  As noted in the document, the default retention period for call recordings is 180 days (six months).  As also noted in the document, customers have the ability configure the retention period to be longer or shorter than the default period on demand as needed.

4.      Quintessa Marketing ("Quintessa") has been a Talkdesk customer since on or about January 3, 2017.  During that time, and pursuant to the policy described above, Quintessa has configured its own retention period on several occasions.  Specifically, I have been informed

- 1 -

and on that basis belief that Exhibit B to this declaration is a log of the instances in which Quintessa's retention period was configured by Quintessa on the Talkdesk platform.  The log shows that Quintessa's retention period was configured on the following dates for the following periods:

    a.   On January 3, 2017, the retention period was configured to Talkdesk's default period of 180 days.

    b.   On January 6, 2017, Quintessa configured its retention period to retain call recordings indefinitely.  That is, they set the policy to "do not delete."

    c.   On August 27, 2019, Quintessa configured its retention period to a period of 30 days.

    d.   On April 27, 2020, Quintessa configured its retention period to a period of 180 days.

    e.   On March 18, 2021, Quintessa configured its retention period to a period of 1095 days.

5.      Attached hereto as Exhibit C is a copy of a subpoena from ERB Investments to Talkdesk.  In responding to this subpoena, Talkdesk employees attempted to collect recordings of calls between Quintessa and the phone numbers listed in Request No. 10 that occurred between April 1, 2020 and August 1, 2020. I have been informed and on that basis believe that, consistent with the retention periods noted above, Talkdesk no longer has access to any such call recordings.

6.      Specifically, for calls that occurred between April 1, 2020 and April 26, 2020, Quintessa's retention period was 30 days from the date of the recording.  Accordingly, those call recordings would generally no longer have been accessible starting 30 days after they occurred, *i.e.*, on or around May 1, 2020 to May 26, 2020, depending on the date the call occurred.

7.      Similarly, for calls that occurred between April 27, 2020 and August 1, 2020, Quintessa Marketing's retention period was 180 days from the date of the recording. Accordingly, those call recordings would generally no longer have been accessible starting 180 days after they occurred, *i.e.*, on or around October 27, 2020 to February 1, 2021, depending on the date the call

occurred.

8.      Attached hereto as Exhibits D and E are two support tickets from Talkdesk's customer support system for Quintessa.  The documents indicate that Quintessa contacted Talkdesk on or about June 10, 2021 and attempted to recover call recordings from April 20, 2020 to July 24, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, at _____.

_____
Kieran King

4158-3520-8753

# Exhibit A

Case: 4:20-cv-01255-JSD    Doc. #:  160-9    Filed: 09/09/22    Page: 5 of 23 PageID #: 1357

TALKDESK SUPPORT  >  CONFIGURING TALKDESK  >  CUSTOMIZING YOUR ACCOUNT

# Call and Voicemail Recording Retention Policy

FOLLOW

**JANUARY 22, 2021 10:20**

As an administrator, you can configure Talkdesk to automatically delete all call recordings after a predetermined amount of time. By default, accounts are set to delete recordings after 6 months.



To define the retention policy of your call recordings:

- Log in to your Talkdesk account as an Administrator.
- Select the **Admin** tab **[1]**.
- Click on **Preferences [2]**.
- Scroll down to the "Storage Settings" section.

TD-000001

Case: 4:20-cv-01255-JSD    Doc. #:  160-9    Filed: 09/09/22    Page: 6 of 23 PageID #: 1358

- Scroll down to the "Storage Settings" section.
- Select the desired option from the "Delete Call and Voicemail Recordings" drop-down **[3]**.
- Click on **Save [4]**.

Call and voicemail recordings older than the selected period will now be periodically removed.

**‹   ALL ARTICLES**

Please sign in to submit a request.

---

**Was this article helpful?**

1 out of 1 found this helpful

  

Talkdesk may have patents, patent applications, trademarks, copyrights, or other intellectual property rights covering subject matter herein. Except as expressly provided in any written license agreement from Talkdesk, the furnishing of this documentation does not give you any license to these patents, trademarks copyrights, or other intellectual property. For information about patents covering Talkdesk products, **click here.**

**:talkdesk·**

Blog   |   Home   |   Privacy Policy   |   Cookie Policy   |   Systems Status   |   Talkdesk API

® 2021 Talkdesk, Inc, All Rights Reserved Worldwide.

TD-000002

# Exhibit B

| | Account ID | Event | Event Name | Timestamp Date | Timestamp Time |
|---|---|---|---|---|---|
| 1 | 586c295c00d1585072000014 | {"account_id":"586c295c00d1585072000014","account_name":"quintessamarketing","data":{"delete_recordings_after_days":1095,"delete_recordings_after_days_old":180,"updated_at":"2021-03-18T13:41:49.088Z","updated_at_old":"2021-03-17T23:33:43.026Z","account":"quintessamarketing","name":"quintessamarketing","email":"lauren@quintessamarketing.com","first_name":"Lauren","last_name":"McNeil","salesforce_id":"0013200001HMZBz"},"event":"account_updated","event_id":"6d0334f80a21435e9f24fe643e222642","timestamp":"2021-03-18T13:41:49Z","logger_event_id":"36b0ae3b-0f6a-4eaf-9421-1d2de739f32d","logger_timestamp":"2021-03-18T13:41:49Z"} | account_updated | 3/18/21 | 3/18/21 13:41 |
| 2 | 586c295c00d1585072000014 | {"account_id":"586c295c00d1585072000014","account_name":"quintessamarketing","data":{"delete_recordings_after_days":180,"delete_recordings_after_days_old":30,"agent_ivr_enabled":false,"agent_ivr_enabled_old":null,"updated_at":"2020-04-27T17:18:56.120Z","updated_at_old":"2020-04-27T16:07:45.263Z","account":"quintessamarketing","name":"quintessamarketing","email":"lauren@quintessamarketing.com","first_name":"Lauren","last_name":"McNeil","salesforce_id":"0013200001HMZBz"},"event":"account_updated","event_id":"a36629325de44498a85df8b92ef08846","timestamp":"2020-04-27T17:18:56Z","logger_event_id":"57571143-b821-49f6-b722-10bb2c695bef","logger_timestamp":"2020-04- | account_updated | 4/27/20 | 4/27/20 17:18 |

| | | | | | |
|---|---|---|---|---|---|
| 3 | 586c295c00d15850720000014 | {"account_id":"586c295c00d15850720000014","account_name":"quintessamarketing","data":{"delete_recordings_after_days":30,"delete_recordings_after_days_old":0,"updated_at":"2019-08-27T01:46:39.305Z","updated_at_old":"2019-08-26T17:57:07.207Z","account":"quintessamarketing","name":"quintessamarketing","email":"lauren@quintessamarketing.com","first_name":"Lauren","last_name":"McNeil","salesforce_id":"0013200001HMZBz"},"event":"account_updated","event_id":"bce65b031bed4657b091d59dfb32cb45","timestamp":"2019-08-27T01:46:39Z","logger_event_id":"d66105ef-e549-4d2c-9a32-f079fab89afb","logger_timestamp":"2019-08-27T01:46:39Z"} | account_updated | 8/27/19 | 8/27/19 1:46 |

| 4 | 586c295c00d1585072000014 | {"account_id":"586c295c00d1585072000014","account_name":"quintessamarketing","data":{"timezone":"Central Time (US & Canada)","timezone_old":"Pacific Time (US & Canada)","delete_recordings_after_days":0,"delete_recordings_after_days_old":180,"outbound_record_enabled":true,"outbound_record_enabled_old":false,"inbound_record_enabled":true,"inbound_record_enabled_old":false,"inbound_disposition_code_values":[{"name":"Attempting Contact","id":"1","active":true},{"name":"Not Interested","id":"3","active":true},{"name":"Other","id":"4","active":true},{"name":"Successful Call","id":"2","active":true}],"inbound_disposition_code_values_old":[{"id":"1","name":"Attempting Contact","active":true},{"id":"2","name":"Successful Call","active":true},{"id":"3","name":"Not Interested","active":true},{"id":"4","name":"Other","active":true}],"outbound_disposition_code_values":[{"name":"Attempting Contact","id":"1","active":true},{"name":"Not Interested","id":"3","active":true},{"name":"Other","id":"4","active":true},{"name":"Successful Call","id":"2","active":true}],"outbound_disposition_code_values_old":[{"id":"1","name":"Attempting Contact","active":true},{"id":"2","name":"Successful Call","active":true},{"id":"3","name":"Not Interested","active":true},{"id":"4","name":"Other","active":true}],"batch_agents_routing_size":0,"batch_agents_routing_size_old":null,"device_selector_strategies":{"browser":"agent_available_or_business_hours","telephone":"agent_available_or_business_hours"},"device_selector_strategies_old":{"browser":"agent_available_or_business_hours","sip":"disabled","telephone":"agent_available_or_business_hours"},"keep_customer_waiting_enabled":true,"keep_ | account_updated | 1/6/17 | 1/6/17 23:57 |

# Exhibit C

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri ▼

| | |
|---|---|
| ERB Legal Investments, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:20-CV-1255 |
| Quintessa LLC and Lauren Mingee | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Talkdesk, Inc. 388 Market Street, San Francisco, CA 94111

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attachment A

| Place: The Bradley Law Firm 1424 Washington Ave, Suite 300 St. Louis, MO 63103 | Date and Time: 10/01/2021 5:00 pm |
|---|---|

The deposition will be recorded by this method: Court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/07/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/E. Ryan Bradley |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ERB Legal Investments _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:20-CV-1255

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

To produce on behalf of TalkDesk for the relevant time period of April 1, 2020 to August 1, 2020:

1. Defendant's document (including call recordings) retention policy(ies) in connection with all documents (including call recordings) made or received in the course of business with Quintessa.

2. Any communication (including emails and call recordings) from Quintessa or its employees concerning the preservation of any call recordings at any time including the exact dates wherein the calls identified in #9 below were available for download and/or copying.

3. A list of the number, types, and locations of computers currently in use and no longer in use that stored the subject call recordings, including the file-naming and location-saving conventions for the calls requested.

4. TalkDesk's electronic records policies and/or procedures pertaining to the retention of call recordings that would apply to Quintessa.

5. TalkDesk's corporate policies regarding employee access to phone recordings. .

6. TalkDesk's corporate policies regarding customer access to phone recordings, including the ability to download or copy phone call recordings.
.
7. All complete list of all current and former personnel who have or had access to network administration, backup, archiving or other system operations pertaining to call recordings..

8. A complete and full list of backup and archival disk or tape inventories or schedules.

9. All contracts between TalkDesk and Quintessa in effect between April 1, 2020 and August 1, 2020.

10. All calls recordings to or from the following phone numbers:

   417-987-8801
   314-585-3319
   773-737-0109
   816-286-7025
   773-263-7825
   312-833-3338
   816-304-5426
   573-223-7249
   417-540-2617
   773-789-0339
   573-421-5488
   314-497-2619

816-462-7962
314-443-0874
224 730-1572
314-276-3493
660-998-3972
618-771-9977
309-981-2925
217-303-0583
314-376-7508
224-938-3321
314-930-6618
417-229-2577
773-798-8932
713-955-1778
423-458-8217
815-908-5158
314-606-2113
773-580-2728
618-477-4063
217-441-4584
314-738-1984
708-949-2071
708-829-3606
573-712-8871
314-707-1618
314-685-9067
312-637-0001
773-808-3822
816-301-9821
312-200-1392
573-703-7813
636-524-2022
618-628-1277
602-832-1261
636-466-9407
573 872 9715
417-313-1829
314-782-9437
417-343-3246
314-983-8356
816-915-9725
660-833-5265
417-239-3661
618-857-0542
417-621-1409
618-381-6668

314-766-1287
314-352-2337
816-420-7261
636-312-1153
573-885-3363
870-238-7882
314-815-7527
314-435-0172
618-972-0421
636-459-5189
314-814-0902
618-661-6361
618-340-9892
913-94407289
417-599-8550
660-654-1021
314-322-2344
314- 889-0975
573-220-8870
314-629-7036
816-349-9906
314-518-2166
314-565-0403
573-528-8979
618-580-0936
816-988-0912
314-586-2510
812-249-7247
618-531-9551
573-701-5837
314-418-9853
314-686-2916
636-240-4593
913-952-9681
314-309-1265
314-600-6195
870-517-2335
314-324-7131
479-466-9934
573-649-0659
314-358-8397
314-239-1954
314-712-4922
417-793-8585
314-899-3117
314-281-0810

314-361-6315
417-720-0203
316-550-9120
573-210-3341
417-693-8188
618-402-0459
314-536-4352
314-853-2086
419-764-7931
417-880-0812
314-574-8077
618-719-4963
618-874-3130
314-707-4471
773-663-0930
314-585-2167
816-419-4460
816-365-1489
816-225-8560
314-643-2181
314-224-0359
815-386-3491

# Exhibit D

Case: 4:20-cv-01255-JSD     Doc #: 160-9     Filed: 09/09/22     Page: 20 of 23 PageID #: 1372



# #281440 quintessamarketing - past call recordings

| Submitted | Received via |
|---|---|
| June 10, 2021 at 4:31 PM | Telephony Integration: Phone call (inbound) |

**Requester**

Leo Mingee <leo.mingee@leadsparke.com>

| Status | Type | Priority | Group | Assignee |
|---|---|---|---|---|
| Closed | Question | Normal | 1st Line Support | Tiago Campos |

| Origin | Legacy Product Area | Phone Number | Caller Name | Answering Agent |
|---|---|---|---|---|
| Customer | Recording | +14055318314 | Leo Mingee | Tiago Campos |

**Tiago Campos**  June 10, 2021 at 4:31 PM                                    Internal note

Agent: Tiago Campos
Ring group: ["tier1", "tier1_pt", "tier1_es"]
Caller's number +14055318314
Caller's name: Leo Mingee
Call Ring Groups: tier1
Call UUID: CA2b596f242b9205c5d3f9f551cea4f4d6

**Tiago Campos**  June 10, 2021 at 4:42 PM                                    Internal note

Call recording: link
Call description: the customer wanted to know how to have access to the call recordings between April and July 2020

Call disposition: Support-Other

Call UUID:
CA2b596f242b9205c5d3f9f551cea4f4d6

**Tiago Campos**  June 10, 2021 at 4:44 PM

Hello Leo,

Thank you for calling Talkdesk Support.

I hope I was able to clarify your doubts on how to access past call recordings.

Thank you so much and have a great day.

Best Regards,

Tiago Campos

Technical Support Representative

- Talkdesk Technical TeamGet Talkdesk Certified! Take our online training courses for Agents, Supervisors and Admins.

Visit Talkdesk Academy

Get your help request resolved as quickly as possible by following these simple guidelines!

You can also call us during office hours: (please have your ticket number ready)

TD-000008

Case 4:20-cv-01255-JSD    Doc. #:  160-9    Filed: 09/09/22    Page: 21 of 23 PageID
#: 1373

US: +18887433044
UK: +442033226242
PT: +351308806998

Support Software by **Zendesk**

TD-000009

# Exhibit E

Case: 4:20-cv-01255-JSD     Doc #:  160-9     Filed: 09/09/22     Page: 23 of 23 PageID #: 1375

# #281438 quintessamarketing - Historical Call Recordings

| Submitted | Received via | Requester |
|---|---|---|
| June 10, 2021 at 4:28 PM | Web Form | Leo Mingee <leo@quintessamarketing.com> |

**CCs**

Eitan Weisner <eitan.weisner@talkdesk.com>

| Status | Type | | Priority | Group | Assignee |
|---|---|---|---|---|---|
| Closed | Task | **Due date** | Normal | 1st Line Support | Mónica Pinto |

| Origin | Legacy Product Area | Phone Number |
|---|---|---|
| Customer | Recording | 4055318314 |

**Leo Mingee**   June 10, 2021 at 4:28 PM

Is it possible to obtain call recording from 4/20/2020 - 7/24/2020?
I am able to pull call history for this period but when I open the recording link, I get an expired message

**Leo Mingee**   June 10, 2021 at 4:46 PM

Tiago assisted me on the call but I still get the {"error":"Expired"} when opening on a new tab.
I even downloaded the file and tried. Any suggestions?

**Mónica Pinto**   June 10, 2021 at 8:07 PM

Hello Leo,

Thank you for reaching out to us.
We will help you with this one.

Can you provide us the interaction ids for these recordings you are trying to obtain?

Kind regards

Monica Pinto
Technical Support

Get Talkdesk Certified! Take our online training courses for Agents, Supervisors and Admins. Visit Talkdesk Academy

Get your help request resolved as quickly as possible by following these simple guidelines!

You can also call us during office hours: (please have your ticket number ready)

US: +1 888 743 3044
UK: +44 20 3322 6242
PT: +351 308 806 998

Support Software by **Zendesk**

TD-000007