**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERB LEGAL INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-1255-DDN |
| | ) | |
| QUINTESSA MARKETING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**QUINTESSA, LLC'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO STAY BRIEFING IN ORDER TO CONDUCT DISCOVERY IN ORDER**
**TO RESPOND TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(d), Quintessa LLC moves the Court to deny Plaintiff's Motions for Summary Judgment (D.E. Nos. 145, 154, 158). without prejudice to allow Quintessa LLC to continue to conduct discovery in this matter. The parties have been working to schedule depositions in this matter, including the deposition of Ryan Bradley, the owner of ERB Legal Investments, LLC. To properly respond to the motion for summary judgment, at a minimum, Quintessa needs to conduct this deposition.

**BACKGROUND**

As the Court is aware, the parties have engaged in prolonged written discovery which resulted in numerous motions to compel. Written discovery is complete, and the parties have been attempting to schedule depositions. The discovery deadline is November 1, 2022.

With written discovery completed a few months ago, Quintessa has been attempting to schedule the deposition of Ryan Bradley, owner of Plaintiff ERB Legal Investments, LLC. Initially, Bradley had agreed to be deposed on September 14, 2022. On August 18, 2022, Quintessa served Bradley a notice of deposition. After receiving the notice of deposition, however, Bradley

1

objected to being deposed in-person in St. Louis and stated he was unavailable to do so on September 14, 2022. Bradley initially refused to be deposed in-person in St. Louis, but the parties spent weeks negotiating dates and eventually Bradley agreed to be deposed in-person in St. Louis. The only date that the parties were both available for an in-person deposition is October 20, 2022. Quintessa has noticed this deposition.[1]

**ARGUMENT**

**I.**  **A Deposition of Bradley is Necessary to Properly Rebut and Defendant the Motions for Summary Judgment.**

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *United Midwest Sav. Bank v. Milhaven*, No. 4:21-CV-01403-AGF, 2022 WL 2045953, at *1 (E.D. Mo. June 7, 2022). Because "[t]he purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts have held that "the rule should be applied with a spirit of liberality." *Id.*

To obtain a Rule 56(d) continuance, the party opposing summary judgment must file an affidavit or declaration affirmatively demonstrating how postponement of a ruling on the motion will enable it, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Villarreal v. Dewitt*, No. 1:16-CV-00163 KGB, 2022 WL 993544, at *5 (E.D. Ark. Mar. 31, 2022) (citing *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir.

---

[1]     Quintessa has already conducted one deposition of a former employee of ERB. The only other witness identified by ERB has having responsive information (other than Quintessa employees) has sadly passed away.

2010)). The nonmovant must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Villarreal*, 2022 WL 993544, at *6.

The "usual practice" under Rule 56(d) is to deny Plaintiff's motion for summary judgment without prejudice to reapply after Defendant has conducted this discovery. *Id.*

In Bradley's Statements of Fact filed in support of his three Motions for Summary Judgment (D.E. Nos. 145, 154, 158), Bradley makes numerous factual representations that require a deposition of Bradley for Quintessa to understand the basis for the statements and to be able rebut them. *See* Declaration of James Wyrsch ("Wyrsch Dec.") ¶ 2. The Statements of Fact are supported almost entirely by affidavits written by Bradley himself. Wyrsch Dec. ¶ 3. A deposition of Bradley is necessary to question Bradley regarding the Statements of Fact, his Affidavits, and the basis for his representations. Wyrsch Dec. ¶ 3. Specifically, Quintessa needs a deposition of Bradley for the following reasons:

1. SOF Nos. 7-12 relate to the parties' understanding of a contractual obligation to pre-fund a campaign. A deposition of Bradley is necessary to question him regarding his understanding of those terms and any discussions he may have had with Quintessa about those terms.[2] A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 4.

2. SOF Nos. 13-15 relate to the parties' understanding of an alleged contractual obligation to track and account for funds within a campaign account. A deposition of Bradley is

---

[2]   Fortunately, despite filing three separate statements of fact, he continued his numbering over the three. SOF 1-116 are in D.E. 153, SOF 117-133 are in D.E. 155, and SOF 134-154 are in D.E. 160.

necessary to question him regarding his understanding of those terms and any discussions he may have had with Quintessa about those terms. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 5.

3.      SOF Nos. 16-33 relate to leads that Bradley describes as "emailed only." A deposition of Bradley is necessary to understand Bradley's claims regarding these "emailed only" leads, how his office handled and tracked them, and whether his firm engaged any "emailed only" leads. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 6.

4.      Moreover, in SOF Nos. 16-33, Bradley repeatedly states that ERB did not receive "portal notification" for these leads. Quintessa contends that these statements to be untrue. A deposition of Bradley is necessary to understand his basis for this representation, his office's use of the portal system, and to explore his understanding of the portal system and the notifications. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 7.

5.      Also, in SOF Nos. 16-33, Bradley states repeatedly that these leads "only appeared within the 'notes' section of a lead." Quintessa contends that these statements to be untrue. A deposition of Bradley is necessary to understand his basis for this representation, his office's use of the portal system, and to explore his understanding of the portal system. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 8.

6.      In SOF Nos. 34-52, Bradley alleges that his firm was unable to turn down the "emailed only" leads through the portal. Quintessa believes these statements to be untrue. A deposition of Bradley is necessary to understand the basis for Bradley's belief regarding "emailed

only" leads and to explore his understanding of the portal system. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 9.

7.      In SOF Nos. 60-99, Bradley discusses the use of a "Law Ruler" program that his firm used to track leads. Bradley alleges that many of the leads at issue do not appear in Law Ruler because they allegedly "Quintessa did not send this lead through the portal as required by the contract." A deposition of Bradley is necessary to understand the basis for these claims that Quintessa did not properly send the leads, understand his firm's use of the Law Ruler program, learn how his office entered and tracked leads using Law Ruler, and Law Ruler's connection, if any, to the portal system provided by Quintessa. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 10.

8.      In SOF Nos. 60-99, Bradley alleges that "there is no evidence" that many different leads were "pre-qualified" by Quintessa for all contract criteria. A deposition of Bradley is necessary to understand the basis for these statements, the basis for claiming the leads did not meet the terms of the contract, and question him regarding the information his office learned about these leads. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 11.

9.      In SOF Nos. 100-101, Quintessa claims that numerous claims were not pre-qualified. A deposition of Bradley is necessary to understand the basis for these statements, the basis for claiming the leads did not meet the terms of the contract, and question him regarding the information his office learned about these leads. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 12.

10.      In SOF No. 105-107, Bradley alleges that "it became readily apparent that

5

Quintessa was not pre-qualifying leads per the terms of the agreement." A deposition of Bradley is necessary to understand the basis for these statements, to identify which leads Bradley allegedly did not meet the terms of the agreement, the basis for claiming the leads did not meet the terms of the contract, and question him regarding the information his office learned about these leads. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 13.

11.     In SOF 108, Bradley discusses a telephone call that he had with Quintessa. A deposition of Bradley is necessary to understand his claims regarding the telephone call, his interpretation of what was said during the call, and his understanding of agreements or modifications to the contract, if any, that supposedly resulted from this call. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 14.

12.     In SOF 109-110, Bradley makes factual representations regarding two additional leads. A deposition of Bradley is necessary to understand these representations, regarding "emailed only" leads and to explore his understanding of the portal system. A deposition of Bradley is necessary to understand the basis for these representations, Bradley's claims regarding these "emailed only" leads, how his office handled and tracked them, whether his firm engaged any "emailed only" leads, his office's use of the portal system, and to explore his understanding of the portal system and the notifications. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 15.

13.     In SOF 111-112, Bradley asserts that prior to signing the contract with Quintessa, he read the Quintessa website. Bradley also makes representations regarding his interpretation of statements on the website. A deposition of Bradley is necessary to understand the basis for these

6

representations, understand his interpretations of the information, and to understand whether any evidence exists to corroborate his representations and interpretations. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 16.

14.     In SOF 113-116, Bradley makes representations about his geographic market and the location of certain leads. A deposition of Bradley is necessary to understand the basis for these representations, understand his interpretations of the information, and to understand whether any evidence exists to corroborate his representations and interpretations. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 17.

15.     In SOF 117-120, Bradley makes representations regarding leads that were supposedly "not qualified." A deposition of Bradley is necessary to understand the basis for these representations. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 18.

16.     In SOF 121-122, Bradley represents that he was unable to disengage certain leads using the portal. A deposition of Bradley is necessary to understand his basis for this representation, the basis for claiming the leads did not meet the terms of the contract, his understanding of the disengagement process, his office's use of the portal system, which persons used the portal system, and to explore his understanding of the portal system. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 19.

17.     In SOF 123-124, Bradley represents that his office would enter a "note" in the portal attempting to disengage certain leads. Bradley also falsely accuses Quintessa of deleting these

notes. A deposition of Bradley is necessary to understand his basis for these representations, the basis for claiming the leads did not meet the terms of the contract, his understanding of the disengagement process, his office's use of the portal system, which persons used the portal system, and to explore his understanding of the portal system. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 20.

18.     In SOF 129-130 and 132, Bradley makes representations regarding leads that he claims are "not pre-qualified" and his damages. A deposition of Bradley is necessary to understand the basis for these statements, the basis for claiming the leads did not meet the terms of the contract, the basis for his damages, and question him regarding the information his office learned about these leads. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 21.

19.     In SOF 131, Bradley makes a representation regarding the amount of money that Quintessa has supposedly not returned. A deposition of Bradley is necessary to understand the basis for this statement. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 22.

20.     In SOF 134-142, Bradley makes representations regarding retainer agreements. A deposition of Bradley is necessary to understand the basis for these statements, understand how these retainer agreements affected his ability to utilize the leads, and understand the alleged connection between the retainer agreements and Bradley's damages, if any. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 23.

21.     In SOF 143-153, Bradley makes representations about Quintessa and its use of the service Talkdesk. A deposition of Bradley is necessary to understand the basis for these statements

and understand the alleged connection between Talkdesk and Bradley's damages, if any. A deposition of Bradley is also necessary to cross-examine Bradley with counterfactual evidence to rebut his claims. Wyrsch Dec. ¶ 24.

Quintessa has set forth in a sworn declaration the specific facts it hopes to elicit from further discovery. The facts sought exist and are specifically only within the knowledge of ERB and Bradley. The sought-after facts are essential to resist the summary judgment motion.

WHEREFORE, for the reasons stated above, Quintessa respectfully requests the Court to enter an order denying the summary judgment motions without prejudice and to permit ERB to refile them after the deposition of Ryan Bradley takes place on October 20, 2022.

Date: September 15, 2022                    Respectfully submitted,

                                           KHAZAELI WYRSCH LLC

                                           /s/ James R. Wyrsch
                                           James R. Wyrsch, 53197(MO)
                                           911 Washington Avenue, Suite 211
                                           Saint Louis, MO 63101
                                           (314) 288-0777
                                           (314) 400-7701 (fax)
                                           james.wyrsch@kwlawstl.com

                                           **Attorney for Quintessa Marketing, LLC**

9