UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERB LEGAL INVESTMENTS LLC,   )
                                         )
       Plaintiff,            )
                                         )
v.                             )
                                       )   Cause No. 4:20-CV-1255
QUINTESSA LLC,             )
                                       )   Division No.
                                       )
       Defendant.       )
                                       )
                                       )
                                       )

**<u>ERB LEGAL INVESTMENT, LLC's MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER</u>**

**COMES NOW** Plaintiff, ERB LEGAL INVESTMENTS LLC, by and through attorney

E. Ryan Bradley of The Bradley Law Firm and for its Memorandum in Support of its Motion for

Protective Order states as follows to this Court:

**I.     Motion for Protective Order**

**A.     Rule 26(c)**

Federal Rule of Civil Procedure 26(c), entitled "protective orders" states:

> **(1)** *In General.* A party or any person from whom discovery is sought
> may move for a protective order in the court where the action is pending --
> or as an alternative on matters relating to a deposition, in the court for the
> district where the deposition will be taken. The motion must include a
> certification that the movant has in good faith conferred or attempted to
> confer with other affected parties in an effort to resolve the dispute
> without court action. The court may, for good cause, issue an order to
> protect a party or person from annoyance, embarrassment, oppression, or
> undue burden or expense, including one or more of the following:
> **(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
**(E)** designating the persons who may be present while the discovery is conducted;
**(F)** requiring that a deposition be sealed and opened only on court order;
**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**B.      That the deposition of E. Ryan Bradley, as requested by Quintessa, which is scheduled for October 20, 2022, not take place at this time given there are three dispositive motions pending before this Court, which if granted, would dispose of all claims.**

As this Court is aware, ERB filed three separate motions for summary judgment. The Court ordered Quintessa to file responses to all three motions on or before September 30, 2022. *See* Doc.#166, Order of 9-20-22. ERB's reply thereto will be due on October 10, 2022. *See* Local Rule 4.01(C). As of that date, all three motions for summary judgment will be fully briefed. A deposition of Bradley on October 20, 2022 would be irrelevant and unnecessary for the reasons set forth in ERB's Memorandum in Opposition to Quintessa's Motion for Stay. *See* Doc.#169. Briefly stated, Quintessa has failed to identify any essential facts that it would derive from Bradley's personal deposition that are necessary for it to address the motions for summary judgment. Despite this, counsel for Quintessa has indicated that Bradley's deposition will take "all day."

Bradley, a Florida resident, will be required to expend money for airfare travel from Florida to St. Louis, transportation, hotel accommodations, have 3 work days interrupted and of

course incur the cost of obtaining a copy of the transcript and video of the deposition. In total, this would cost Bradley and ERB well over $10,000.00. Beyond the above, October 20, 2022 is Bradley's youngest son's birthday, but still the only available date Bradley could offer in light of his other personal and professional obligations. This is good cause for the Court to issue an order to protect ERB and Bradley from annoyance, embarrassment, oppression, and undue burden or expense.

As such, ERB requests an order from the Court that the deposition not take place pursuant to FRCP 26(c)(1)(A). In the event the Court does not dispose of all counts in said motions, the parties can expend further time and cost engaging in additional discovery at a later date.

**C.     If and when this Court allows ERB's owner, E. Ryan Bradley's deposition to occur, ERB requests a protective order to prevent a) any questioning concerning protected attorney work product since Bradley is counsel for ERB, b) defense counsel from inquiring and/or conflating Bradley's factual knowledge gained from his status as ERB's corporate representative as opposed to that gained as a fact witness, and c) limit any personal deposition of Bradley to two (2) hours.**

As the Court is aware, E. Ryan Bradley is the owner of ERB Legal Investments, LLC and is a licensed attorney who is actively representing ERB in connection with this lawsuit.

**1. Bradley's thoughts, mental impressions, opinions as to legal theories, causes of action and the like formed as a result of his representation of ERB is protected attorney work product, privileged and not discoverable.**

The United States Supreme Court has made it clear that a lawyers' work product – both tangible and intangible- is protected and not discoverable. "Historically, a lawyer is an officer of

the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed by the Circuit Court of Appeals in this case (153 F.2d 212, 223) as the 'Work product of the lawyer.'" Hickman v. Taylor, 329 U.S. 495, 510–11, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947).

Here, Bradley wears multiple hats. Not only is he a fact witness, but is also the owner of Plaintiff ERB and is its acting counsel of record. As such, care should be taken to protect Bradley's protected work product in the capacity as ERB's counsel during any deposition of him. As such, defense counsel be prohibited form asking any questions that invade E. Ryan Bradley's, mental impressions, thoughts or opinions as to legal theories, strategy, the law or the like. This would clearly infringe upon Bradley's protected work product as counsel for ERB. ERB requests the Court curtail any such line of questioning at the outset rather than having defense counsel ask hundreds of questions that infringe upon that privilege, to which counsel for ERB would inevitably object, creating hundreds of pages of deposition transcript costing thousands of dollars.

**2. Bradley's knowledge as a fact witness is separate and distinct from his knowledge learned as a corporate designee / representative, and is finite. Moreover, any information learned by Bradley in his individual capacity - as opposed to that performed in a corporate representative capacity - from other employees and performing research is not admissible into evidence in his personal capacity as it would constitute hearsay and violate the best evidence rule. As such, if Bradley's deposition is to move forward, the Court should limit the scope of that deposition and the time allotted therefore to two (2) hours.**

"The testimony of a corporate representative represents the knowledge of the corporation and not of the individual deponent, it is commonly understood the deposition of an individual is separate and distinct from the deposition of a corporate representative." Spectrum Creations, L.P. v. Carolyn Kinder Int'l, LLC, No. SA-05-CV-750-XR, 2006 WL 8434013, at *4 (W.D. Tex. May 9, 2006). "The corporate representative testifies as a representative of the entity, his answers bind the entity, and he is responsible for providing all the relevant information known or reasonably available to the entity." Id. "An individual's testimony relates to her personal knowledge of the events in question." Id. The distinction is not trivial.

Despite bringing the above distinction to defense counsel's attention numerous times, defense counsel insists on deposing Bradley in connection with *all* knowledge he has, regardless of how it was obtained or in what capacity. Defense counsel's failure to comprehend the distinction therefore requires court intervention. Quintessa seeks E. Ryan Bradley's individual deposition. As such, Bradley is required to appear solely as a *fact witness* and testify as to his personal knowledge of the events in question. However, Quitnessa's counsel has made it clear in court filings and in representations to the undersigned that all knowledge, regardless of how it was derived, including the affidavits Bradley submitted as ERB's corporate representative would

be explored at that deposition. *See* Doc.#163, 164, and 164-1, Defendant's Motion to Stay, Memorandum and Affidavit, wherein Quintessa seeks Bradley's *individual* deposition and therein explains that it needs to depose Bradley concerning the affidavit Bradley submitted (which was done in the capacity as a corporate representative).

As such, ERB requests an order of this Court limiting Bradley's individual deposition to his personal knowledge of the events in question- not what he learned through his capacity as a corporate representative. Such information, in Bradley's individual capacity would not even be admissible as it would constitute hearsay and violate the best evidence rule. Therefore, questions should only relate to what factual knowledge E. Ryan Bradley has in his individual capacity as opposed to what was learned by him in connection with his role as ERB's corporate representative and review of documentary evidence. As noted in ERB's Motion in Opposition to a Stay [Doc. #169] that knowledge is finite. *See* Doc.#169 wherein Bradley represents his personal knowledge, rather than his knowledge as a corporate representative / designee, is limited to a) his pre-contract investigation of Quintessa by reading its website and b) his communications with Quintessa (the only one offered into evidence was recorded and a transcript of that call was provided to the Court). Despite Bradley's limited personal information as a fact witness, defense counsel has requested Bradley- a Florida resident- fly to St. Louis for an "all-day" in-person deposition in his individual capacity. Bradley respectfully suggests a time limit of two (2) hours for his personal deposition [not ***all day*** as requested by Quintessa's counsel] considering the limited scope of his personal factual knowledge.

Quintessa has never requested ERB Legal Investment's corporate representative deposition. If and when it requests a corporate representative deposition, only then does

Bradley's information gained from his duties as a corporate representative become discoverable as to designated topics pursuant to FRCP 30(b)(6).

        **D.**      **If and when this Court allows ERB's owner, E. Ryan Bradley's deposition to occur, ERB requests a protective order that if Quintessa does seek to depose Bradley, a Florida resident, that he only be required to appear in St. Louis, Missouri (or anywhere else for that matter) on <u>one</u> occasion for a deposition, in either his personal capacity and/or as ERB's corporate representative.**

        Bradley, a Florida resident, has agreed to appear for his deposition in St. Louis, Missouri on October 20, 2022. Bradley will be paying for his round-trip travel, hotel and transportation for the sole purpose of attending this deposition. As set forth above, Bradley's personal knowledge of the facts outside the scope of his role as a corporate representative, is limited. The majority of the factual issues pertinent to the motions for summary judgment were derived by Bradley's detailed review of documentary evidence and investigation as to those issues in his role as ERB's corporate representative. That distinction is imperative. ERB requests this Court require Quintessa to depose Bradley in his individual capacity and as ERB's corporate representative in one deposition on one single day. It is anticipated Quintessa's counsel will attempt to conflate the two hats that Bradley wears and request two separate depositions, days apart, which would of course be an undue burden and expense upon Bradley. For these reasons, only one deposition should be allowed wherein defense counsel must clearly designate what questions are intended for Bradley in his personal capacity and those designed for him as a corporate representative through a duly-filed FRCP 30(b)(6) notice. Alternatively, should Quintessa choose not to take ERB's corporate representative deposition (which is its choice), that it should be barred from doing so if it chooses to only proceed with Bradley's individual deposition.

**E.      That the Court limit any deposition of Bradley or ERB's corporate representative to the scope of written discovery as ordered by this Court.**

It is anticipated that Quintessa, through counsel, will attempt to exceed the scope of written discovery as ordered by this Court and question Bradley and/or ERB's corporate representative as to those discovery matters that were denied by the Court. *See generally* Doc.#129 and #140, wherein the Court sustained Plaintiff's motion to bar discovery as to irrelevant matters. Plaintiff requests an Order of the Court confining the deposition of Bradley and/or ERB's corporate representative to the issues specifically allowed for in written discovery and prohibit questioning on matters that were specifically prohibited in written discovery.

**F.      By filing this motion, Bradley certifies to this Court that he has met and conferred on the above issues with defense counsel, to no avail.**

The undersigned represents to this Court that he has discussed the above matters with defense counsel at least twice on the phone as well as via email yet the issues are unresolved and thus require court intervention. Further, the undersigned communicated to defense counsel that if, after filing this motion, he was willing to further discuss the merits of this motion, that the undersigned would make himself available for such a discussion so as to avoid disrupting this Court. That offer remains open.

**WHEREFORE**, ERB requests this Court a) issue and Order that the deposition of E. Ryan Bradley, as requested by Quintessa, which is scheduled for October 20, 2022 not proceed at this time given there are three dispositive motions pending before this Court, b) should any deposition of Bradley or ERB's corporate representative be allowed, limit any deposition of Bradley or ERB's corporate representative to the scope of written discovery as ordered by this Court, c) should any deposition of Bradley proceed, prevent defense counsel from questioning

Bradley concerning protected attorney work product since Bradley is counsel for ERB, d) prohibit defense counsel from inquiring at Bradley's individual deposition his factual knowledge gained from his status as ERB's corporate representative as opposed to that gained as an ordinary fact witness in accordance with *Spectrum Creations,* e) limit any personal deposition of Bradley to two (2) hours, f) order that if Quintessa does seek to depose Bradley, a Florida resident, that he only be required to appear in St. Louis, Missouri (or anywhere else for that matter) on <u>one</u> occasion for a deposition, in either his personal capacity and/or as ERB's corporate representative wherein the questioning should be separate and distinct for his personal knowledge versus that gained as a corporate representative, and g) to limit Bradley's individual deposition and, if noticed, ERB's corporate representative depositions to the scope of written discovery as ordered by this Court and for any such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ E. Ryan Bradley

By: _____
E. Ryan Bradley, #53777
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Ryan@thebradleylawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 28, 2022, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **Courts E-Filing System** which was sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

James Wyrsch
Khazaeli Wyrsch
Attorney For: Quintessa Marketing, LLC
911 Washington Ave
Suite 211
St. Louis, MO  63101
Phone: (314) 288-0777
Fax: (314) 400-7701
Email Address: james.wyrsch@kwlawstl.com